CASE 45—PETITION ORDINARY—MAY 14.

# Mt. Sterling National Bank v. Green.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. REFUSAL BY BANK TO PAY CHECK—LIEN ON DEPOSITS.—A bank is obliged to pay the checks, drafts and orders of a depositor, so long as it has in its possession funds of his sufficient to do so, and which are not encumbered by the attaching of an earlier lien in its favor, and if it fails or refuses to do so without sufficient justification, the depositor may have his action for damages against it.

2. APPROPRIATION BY BANK OF DEPOSIT.—Where the depositor owes the bank a debt, past due, which is larger in amount than his deposit, it is not necessary for the bank upon the presentation of the depositor's check, to appropriate the deposit and apply it as a credit on his debt; the simple question being upon its presenta-

Mt. Sterling National Bank v. Green.

tion whether the bank had a right to refuse payment of the same, and if it had, its refusal to honor the check was a sufficient appropriation.

TYLER & APPERSON for appellant.

(No brief in the record.)

A. T. WOOD, B. F. DAY and Z. T. YOUNG for appellee.

(No brief in the record.)

C. P. CHENAULT for appellee.

1. The technical defect in the petition, if any, was cured by the verdict; the plaintiff could not in the very nature of things, have recovered unless he had shown that the fund was subject to his check. (Rogers v. Felton, Rec'r, 17 Ky. L. R., 725; Fraze v. Commonwealth, 16 Ky. L. R., 29.)

2. The *right* to appropriate a fund is not in fact an appropriation thereof; and it was the duty of the bank to have appropriated the fund to the payment of appellee's note, upon the presentation of the check, if not before.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

James Green, brought this action to recover of the Mt. Sterling National Bank $5,000 damages, his cause thereof being stated substantially as follows: That October 17, 1892, he drew his check on defendant for $1,000, payable to the order of Sally A. Bratton, which was October 27, 1892, duly presented for payment; but that although when said check was drawn and delivered, as also when it was presented by Sally A. Bratton for payment, plaintiff had ample money on deposit and to his credit in the bank to pay said check, defendant refused to pay and caused the check to be protested, and thereby injured plaintiff's credit and standing in the community as an honorable business man to his great damage, etc.

As ground of defense, defendant stated in its answer

substantially that December 2, 1891, plaintiff executed and delivered to it his promissory note, agreeing to pay six months thereafter $5,671.31, which became due June 2, 1892; that October 27, 1892, said note was still due and unpaid, and was for largely more than plaintiff then had on deposit and to his credit in defendant's bank; that because it had a lien upon and right of set-off against amount of plaintiff's credit on that day as depositor, defendant refused to pay said check and retained the amount of his deposit until October 31, 1892, when payment was actually made by him of the note, and then defendant released its lien and plaintiff drew checks in favor of other parties for the entire amount of his deposit, which were paid as presented.

To that answer a general demurrer was filed and sustained, demurrer to the petition having been previously overruled, and verdict and judgment being subsequently rendered in favor of plaintiff for $2,000, the defendant appealed.

It seems to be well settled that the obligation of a bank to pay checks, drafts and orders of a depositor so long as it has in its possession funds of his sufficient to do so, and which are not incumbered by the attaching of an earlier lien in favor of the bank, and the reciprocal right of the depositor to have them paid are so far substantial, that if the bank refuses without sufficient justification to pay the check of a customer the customer has his action for damages against the bank. (Morse on Bank and Banking, section 458.)

As, therefore, the statements in the petition constitute *prima facie* a cause of action, the demurrer to it was properly overruled.

But in the language of the Masonic Savings Bank v. Bang's adm'r, 8 Ky. Law Rep., 16, "The right of a bank to a general lien on the money and funds of the depositor in its vaults for the payment of the balance of the general account of the depositor is recognized by all the elementary books of bank and banking and sustained by an unbroken line of American decisions."

In Pursiful v. Pineville Bank, 17 Ky. Law Rep., 38, it is said by this court that there is no difference of opinion as to the right of a bank under the doctrine of set-off to have applied to payment of a note held by it against a depositor unappropriated funds he may have deposited in the bank to his credit.

As aptly and correctly said in Herndon v. The Louisville Banking Co., decided by the Superior Court, 10 Ky. Law Rep., 584, "the relation between the bank and the depositor is that of debtor and creditor, and as long as it exists the bank must honor the drafts and checks of the depositor in the order in which they are presented to the extent of the deposit, but when on account of any legitimate transaction between the parties the relation is shifted and the balance of the account is against the depositor, it seems to us that upon principle, the bank should not be required to respond to the demand of the holder of the check, which was drawn before this altered condition of affairs, but of which the bank had no notice until afterward."

In this case, however, the depositor, prior to and at the date of the check, was indebted to the bank by a promissory note past due, an amount greater than what he had on deposit, and, therefore, occupied the relative attitude of debtor.

In sustaining the demurrer to the answer the lower court

expressed an opinion that defendant had a lien on the deposit of plaintiff, and the right at the time of presentation of the check by the holder for payment to appropriate the entire amount then on deposit belonging to plaintiff to the payment of said note due from plaintiff to defendant. But the demurrer to the answer was nevertheless sustained, because in the language of the court the defendant failed on the presentation of the check to appropriate said deposit and apply the same as a credit on the said note and thereby released its lien.

It seems to us the reason for that decision is not sufficient. The question is whether at the time the check was presented the bank had the right to refuse payment. If it did, then its simple refusal to honor the check was proper exercise of that right, and all the appropriation needed for that purpose.

In our opinion the facts stated in the answer constitute sufficient justification of the bank refusing to pay the check in question and *prima facie* sufficient ground of defense to the action. And as this record stands defendant was, on the pleadings, entitled to judgment. We need not refer to the instructions further than to say having been given upon incorrect hypothesis they are necessarily erroneous.

For the primary error in sustaining demurrer to the answer the judgment is reversed and cause remanded for new trial consistent with this opinion.

Judge Hazelrigg not sitting.