[Sac. No. 5384. In Bank.—August 26, 1940.]

JOE S. GONSALVES, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a Banking Corporation), Appellant.

Louis Ferrari, G. D. Schilling, C. H. White and D. Bianco for Appellant.

Dennett & Zion for Respondent.

GIBSON, C. J.—This is an action to recover the amount of a bank deposit, with interest and damages. The facts are stipulated.

On June 18, 1929, plaintiff Joe S. Gonsalves and his wife made a demand note in the sum of $5,360 to defendant's predecessor. The note was secured by a chattel mortgage. In 1932 defendant sold the secured property and partially satisfied the obligation, leaving a deficiency of $2,238.60. The note was then assigned to H. C. Winklemen for the purpose of collecting the balance due.

On June 15, 1933, Winklemen filed his action on the note in the San Francisco Superior Court, against Gonsalves and his wife. No service of summons was ever made in this action.

On June 23, 1937, Gonsalves had on deposit in one of defendant's branches the sum of $1308.91. The bank, on said date, notified him that it was exercising its right of setoff and appropriating the entire amount to apply on the indebtedness of the note. Thereafter Gonsalves presented a check for the amount on deposit, which was refused on the ground that the money had been properly taken by the bank.

On July 29, 1937, Gonsalves brought the present action in the Superior Court of Stanislaus County to recover the amount of the deposit and damages for failure to pay the check. On April 21, 1938, while this action was pending, the San Francisco Superior Court, acting under the provisions of section 581a of the Code of Civil Procedure, dismissed the

first action by the bank against Gonsalves and his wife for failure to serve and return summons within three years from the filing of the action. The said court made a finding that the defendants Gonsalves had not been absent from the state during the period.

The trial court in the present action concluded that when the three-year period of section 581a ran on the bank's action, the San Francisco court lost jurisdiction to render a judgment, and that no cause of action existed upon which the right of setoff could be exercised. Hence the purported setoff was held to be ineffective, and judgment was given in favor of Gonsalves against the bank. The defendant bank appealed from this judgment. Plaintiff also appealed from that part of the judgment denying him special damages.

Section 581a of the Code of Civil Procedure reads, in part, as follows: "No *action* heretofore or hereafter commenced *shall be further prosecuted,* and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced *must be dismissed* by the court in which the same shall have been commenced, *on its own motion,* or on motion of any party interested therein, whether named in the complaint as a party or not, unless . . . the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the state, or while he has secreted himself within the state to prevent the service of summons on him."

Plaintiff points to the mandatory language of the statute, that no action "shall be further prosecuted", and actions "must be dismissed" by the court itself, without the necessity of any motion for dismissal. It is argued that the court can only follow the statutory command, and that upon the expiration of three years from commencement of the action, it loses *jurisdiction* to proceed further in the matter. The result, as plaintiff contends, is that when the setoff was at-

tempted in 1937, more than three years after commencement of the action, the bank had no judicially enforceable claim, and consequently could not assert any such claim by action or by setoff.

■ This contention is, we believe, founded upon a double misconception, first of the effect of section 581a, and second of the nature of the banker's right of setoff. The dismissal statute gives a remedy for delay in prosecution of an action, and makes it *mandatory* upon the court to dismiss it after three years, unless the defendant is absent or has concealed himself. The statute is "jurisdictional" in the sense that the court has no power to excuse the delay, nor can it refuse to act merely because the party fails to make a motion for dismissal. It has power to act only in a certain way, that is, by ordering a dismissal. (See *People* v. *Southern Pac. R. R. Co.*, 17 Cal. App. (2d) 257 [61 Pac. (2d) 1184]; *Cook* v. *Justice's Court*, 16 Cal. App. (2d) 745 [61 Pac. (2d) 357].)

■ But this is nothing more than a rule of procedure, designed to encourage promptness in prosecution of actions. Dismissal under the statute is not based upon the absence of a good cause of action, nor upon any defect in the substantive right itself. The statute is not one of limitation, barring the remedy of action after lapse of a specified time. (*People* v. *Kings County Development Co.*, 48 Cal. App. 72 [191 Pac. 1004].) Its nature and effect may be made clear by a simple illustration. Suppose that an action is brought two years after the due date of a note, and is later dismissed for failure to serve summons within three years. The only maintainable action would ordinarily be lost because the four-year statute of limitations would meanwhile have run on the note and have barred the remedy thereon. But suppose further that the note contains a valid waiver of the statute of limitations for a sufficiently long period. (See *Dexter* v. *Pierson*, 214 Cal. 247 [4 Pac. (2d) 932].) The action has been dismissed for lack of prosecution, but the obligation of the note remains, enforceable by a proper action in compliance with all governing procedural rules. To reach the contrary conclusion would be to hold that the order of dismissal is *res judicata*, that it not only terminates the particular action but constitutes a permanent bar to any other suit on the same cause of action. ■ But it is a fundamental rule that a judgment is not *res judicata* unless it is on the merits, and

a dismissal for delay in prosecution is not. (*Everts* v. *Blaschko,* 17 Cal. App. (2d) 188 [61 Pac. (2d) 776] ; *Matteson* v. *Klump,* 100 Cal. App. 64 [279 Pac. 669] ; *Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal. (2d) 47, 52 [92 Pac. (2d) 804].)

■ The second misconception of plaintiff is in his characterization of the banker's setoff as a "set-off or counterclaim", thus bringing it within the procedural requirements for the pleading of counterclaims by a defendant in a pending action. His contention is that since the action by Winklemen, the bank's assignee, was subject to dismissal after three years, it could not thereafter be maintained, and that no counterclaim is permissible unless founded upon a cause of action which could at the time be the subject of an independent suit. The answer to this contention is that the bank, in appropriating the plaintiff's money in satisfaction of his debt, was properly acting without regard to the pendency or propriety of any action at law.

■ To understand this exercise of the bank's right it is necessary to state briefly its nature. Section 3054 of the Civil Code provides: "A banker has a general lien, dependent on possession, upon all property in his hands belonging to a customer, for the balance due to him from such customer in the course of the business." The banker's lien described in this statute is, properly speaking, a lien on the *securities* such as commercial paper deposited with the bank by the customer in the course of business. The so-called "lien" of the bank on the depositor's *account* or funds on deposit is not technically a lien, for the bank is the owner of the funds and the debtor of the depositor, and the bank cannot have a lien on its own property. The right of the bank to charge the depositor's fund with his matured indebtedness is more correctly termed a right of setoff, based upon general principles of equity. (See *Pendleton* v. *Hellman Commercial T. & S. Bank,* 58 Cal. App. 448 [208 Pac. 702] ; 11 Cal. L. Rev. 111, 112; 7 Cal. L. Rev. 341; 38 Harv. L. Rev. 800; Brown on Personal Property, p. 519.)

This right of setoff, however, is not limited in its exercise to the pleading of a counterclaim in an action. Despite the technical inaccuracy involved in calling it a lien, it is in the nature of a lien or security interest in the funds, similar to and enforceable in the same way as the lien against com-

mercial paper. That is to say, it is enforceable by the bank's own act, without the aid of a court. Cases illustrating this exercise of the right of setoff without any action pending are readily found. (See *Pendleton v. Hellman Commercial T. & S. Bank, supra; Mt. Sterling Nat. Bank v. Green,* 99 Ky. 262 [35 S. W. 911, 32 L. R. A. 568]; 38 Harv. L. Rev. 800, 801.) As observed by the note writer in 38 Harvard Law Review 800, *supra,* "The bank's right of set-off has transcended procedural significance, however, and despite the distinctions alluded to, courts and the commercial world treat it as substantially equivalent to a banker's lien." And in *Pendleton v. Hellman Commercial T. & S. Bank, supra,* the court said (p. 452): "But in the case at bar the defense presented is not in the nature of a counterclaim. Its allegations are, in effect, that there exists no indebtedness of the defendant to the plaintiff. The bank is not seeking to collect its note from the decedent's estate. . . . Appellant's claim here is that by reason of the insolvency of Pendleton, it was entitled to apply the amount of the deposit *pro tanto* to the payment of the note."

It follows from these principles that when defendant bank exercised its equitable right of setoff by appropriating funds of plaintiff in payment of his existing obligation to the bank, it acted fully within its rights, without regard to whether the pending Winklemen action against plaintiff was subject to dismissal.

No other points merit discussion. The judgment is reversed.

Carter, J., Shenk, J., and Curtis, J., concurred.

Rehearing denied.