[Civ. No. 13631. First Dist., Div. One. Mar. 4, 1948.]

RIO DEL MAR COUNTRY CLUB, INC., (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SANTA CRUZ COUNTY et al., Respondents; JAMES G. BRYANT, as Director of Employment, etc., Real Party in Interest.

Carlyle Miller for Petitioner.

Fred N. Howser, Attorney General, Chas. W. Johnson, Glenn V. Walls and William L. Shaw, Deputy Attorneys General, for Respondents.

PETERS, P. J.—Petition for a writ of prohibition.

Petitioner seeks by this application to prevent the respondent superior court from further proceeding, except to dismiss, an action commenced by the California Employment Stabilization Commission against petitioner for the collection of contributions under the Unemployment Insurance Act [Stats. 1935, p. 1226, as amended; 3 Deering's Gen. Laws, Act 8780d]. This is one of a series of five cases in which the respective petitioners all moved, under section 581a of the Code of Civil Procedure to dismiss the actions pending against them in the respondent court on the ground that there had been a failure to prosecute the actions within the time prescribed in that section. The trial court denied the motions in all five cases. The cases involve substantially similar, but not identical, questions of law. All questions of law involved in the present proceeding, and all questions of law common to all five cases, will be discussed in this opinion. The facts of the other four cases will be set forth in separate opinions, and questions of law, if any, peculiar to each case will be discussed in such separate opinions.

If petitioner is entitled to a dismissal under section 581a of the Code of Civil Procedure, prohibition is the proper remedy to secure that relief. There is, of course, no right of appeal from an order denying a motion to dismiss. (Code Civ. Proc., § 963; see cases collected 2 Cal.Jur. § 27, p. 158.) While the respondent commission argues that petitioner has a remedy by an appeal from the judgment that might be rendered against it after trial, it is quite obvious

that such remedy is neither speedy nor adequate. The Supreme Court has recently determined that where section 581a is applicable the court has "jurisdiction" to proceed only in one way—to dismiss. In *Gonsalves* v. *Bank of America*, 16 Cal.2d 169, 172 [105 P.2d 118], that court discussed the scope and effect of section 581a as follows: "The dismissal statute [§ 581a] gives a remedy for delay in prosecution of an action, and makes it *mandatory* upon the court to dismiss it after three years, unless the defendant is absent or has concealed himself. The statute is 'jurisdictional' in the sense that the court has no power to excuse the delay, nor can it refuse to act merely because the party fails to make a motion for dismissal. It has power to act only in a certain way, that is, by ordering a dismissal." It thus appears that when a meritorious motion is made under section 581a the trial court has "jurisdiction" only to dismiss, and that any attempt to try the case is beyond its "jurisdiction." It seems quite clear, therefore, that prohibition is the proper remedy to prevent any further proceedings in contravention of the law. That is the historical function of the writ of prohibition. (Code Civ. Proc., §§ 1102, 1103 and 1104; *Lord* v. *Superior Court*, 27 Cal.2d 855 [168 P.2d 14]; *Jardine* v. *Superior Court*, 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291]; *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715].)

While no case seems to have been cited where prohibition has been used to secure a meritorious dismissal denied by the trial court, the extraordinary writ of *mandamus*, which normally will not be granted where the legal remedy is available and adequate, has been held to be the proper remedy to compel a trial court to enter a meritorious dismissal. (*Superior Oil Co.* v. *Superior Court*, 6 Cal.2d 113 [56 P.2d 950].) If *mandamus* will lie to compel a dismissal where the court has refused to act, it would seem that prohibition should also lie where the court, in excess of jurisdiction, has denied the motion to dismiss, and is threatening to try the action. Moreover, if mandate is the proper remedy the petitioner will not be denied relief because of the erroneous choice of remedies.

■ There is another preliminary matter common to all five petitions to which reference should be made. The plaintiff in each case is a state agency. The law is now well settled that the provisions of section 581a are as much applicable to actions instituted by a state officer or agency as they are to

actions instituted by private persons. (*People* v. *Kings County Dev. Co.*, 48 Cal.App. 72 [191 P. 1004]; see, also, *Superior Oil Co.* v. *Superior Court*, 6 Cal.2d 113 [56 P.2d 950].)

Before discussing any further contentions of the parties the chronology of this particular case should be set forth. The record discloses the following:

*September 7, 1943*—complaint filed naming petitioner as a defendant. On the same date summons was issued.

*September 17, 1943*—the defendant, the petitioner herein, was properly served.

*September 27, 1943*—a stipulation was entered into giving the defendant 30 days' additional time within which to plead. This was not filed until August 18, 1947.

*August 26, 1946*—counsel for the defendant in that action, petitioner herein, executed and delivered to the attorney-general, counsel for the plaintiff state agency, a stipulation purporting to waive the provisions of sections 581a and 583 of the Code of Civil Procedure. The return to the alternative writ discloses that this stipulation was filed in the superior court on December 10, 1946.

*August 27, 1946*—return of service filed. It is to be noted that the summons was thus served and returned to the court within three years of the filing of the complaint.

*January 22, 1947*—defendant in that action, petitioner herein, filed a demurrer to the complaint. Plaintiff in that action, one of the respondents herein, filed an amended complaint and a demurrer was thereupon filed to the amended complaint. This last demurrer was filed on July 3, 1947.

*July 11, 1947*—upon the hearing of this demurrer the defendant in that action, petitioner herein, without prior notice, made an oral motion to dismiss on the ground that the plaintiff had failed to have judgment entered within three years from the filing of the complaint as required by section 581a, that the demurrer filed after the three-year period had elapsed did not constitute a waiver of the section, and that the stipulation purporting to waive the provisions of section 581a was ineffectual for that purpose.

*August 18, 1947*—plaintiff's motion to dismiss was denied. This order was filed August 20, 1947.

*October 14, 1947*—this proceeding in prohibition was instituted.

This, and the other four cases, *infra*, as already pointed out, involve the proper interpretation and application of

section 581a of the Code of Civil Procedure to the facts of this and the other cases. It should be noted that that section consists of two paragraphs substantially different in their wording. The first paragraph reads as follows: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served . . ."

It will be noted that this paragraph refers to the issuance, service and return of the summons within designated periods, and that a mere "appearance" within the designated periods, regardless of whether the summons has been issued, served or returned, renders the paragraph inapplicable. Inasmuch as, in the present case, the summons was issued, served and returned within the designated periods, it is quite clear that petitioner is not entitled to a dismissal under this paragraph, and petitioner does not so contend. The importance of this first paragraph, in this present proceeding, is to compare its language with the second paragraph in order to interpret properly the second paragraph.

The second paragraph, and the one under which petitioner claims the right to dismissal in the present case, reads as follows: "All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons."

The summons here involved was served on September 17, 1943. No answer was ever filed although a demurrer was filed more than three years *after* service of summons. More than three years elapsed between the service and the motion

to dismiss. It is clear, therefore, that petitioner is entitled to a dismissal under this paragraph unless any one of the several arguments made by the attorney general as to why this paragraph is not applicable is sound.

There are several general arguments made by the attorney general that may be disposed of without extended discussion.

█ It is pointed out that petitioner admits that it failed to serve the respondent commission with notice of its motion to dismiss, and it is argued that this in some way affected the validity of the motion. The argument lacks merit. Under section 581a it is the duty of the trial court, in a proper case, to dismiss of its own motion. Once the factors necessitating dismissal are brought to the attention of the trial court, it is the duty of that court to dismiss regardless of any participation in the dismissal procedure by either of the parties to the action. Moreover, in view of the fact that the trial court denied the motion, and, in view of the fact that the respondent commission appeared and successfully argued the motion, it is apparent that the commission was in no way prejudiced by failing to receive a formal notice of the motion.

█ The respondent commission also makes a somewhat vague argument to the effect that the provisions of the Unemployment Insurance Act must be liberally construed in favor of the state agency. That is undoubtedly true. But, admitting the premise that the provisions of the statute must and should be liberally construed in favor of the state so as to effectuate the beneficial purpose of the act, it is a *non sequitur* to argue that such "liberal" construction permits the complete disregarding of the provisions of section 581a. It is settled law, and respondent commission does not contend to the contrary, that section 581a applies to the state and to state agencies. No matter how liberally the Unemployment Insurance Act is construed, the fact still exists that the last paragraph of section 581a is applicable to this agency, and if the commission has failed, in violation of that paragraph, to secure a judgment against petitioner within the time limited, the action must be dismissed.

█ The respondent commission places some reliance on section 45.2 of the Unemployment Insurance Act, contending that that section supersedes section 581a. That section became effective on September 19, 1939, and then provided that "[N]o statute of this State shall limit the time within

which the commission may enforce the payment of contributions by civil action or any other remedy provided by this act if with respect to such contributions no return has been filed.'' Effective August 4, 1943, this section was amended to provide that no statute should limit the time within which contributions could be collected by legal action ''if by reason of any intent to evade the provisions of this act no contribution report or an erroneous return has been filed.'' The section was repealed on September 15, 1945. It is the thought of the respondent commission that this section, until its repeal, excluded any possible application of section 581a, and that the three-year period provided in section 581a must date from the date of the repeal of that section in September, 1945.

To this contention there are two complete answers. In the first place the commission has not brought itself within section 45.2 as it read either in 1939 or 1943. The section in 1939 only applied ''if with respect to such contributions no return has been filed'' and in 1943 it only applied if ''by reason of any intent to evade the provisions of this act no contribution report or an erroneous return has been filed.'' In none of their pleadings herein filed does the commission aver that no return has been filed, or that by reason of an intent to evade the statute no return or an erroneous return was filed. If section 45.2 were to be interpreted so that, where applicable, it would supersede section 581a, it is quite clear that such would be a matter of affirmative defense which must be pleaded. No such pleading has been filed by the commission.

In the second place, in our opinion, section 45.2, at no time, operated to exclude section 581a. Section 45.2 was obviously framed to afford the state protection against statutes of limitations which would otherwise operate to bar the remedies of the state after the lapse of the statutory time. It has been expressly held that section 581a is not a statute of limitations. (*Gonsalves* v. *Bank of America*, 16 Cal.2d 169 [105 P.2d 118]; *People* v. *Kings County Dev. Co.*, 48 Cal.App. 72 [191 P. 1004].) It has also been expressly held that a judgment of dismissal under section 581a is not a judgment on the merits, is not *res judicata*, and that, unless barred by some statute of limitations, the plaintiff's cause of action still persists in spite of such judgment. (*Gonsalves* v. *Bank of America, supra*.) In other words, if, as the commission contends, section 45.2, when applicable, operated to nul-

lify all statutes of limitation (a point we do not decide) a judgment of dismissal of the instant action would not bar the filing of a subsequent action to recover the same contributions. The point is that section 581a, which is not a statute of limitations at all, gives to defendants a statutory right to a dismissal unless the instituted action results in a judgment within the time fixed in the last paragraph of the section.

We now turn to the more important contentions of the respondents relating to the legal effect of the filing of the demurrer and the execution of the various stipulations. It is the thought of respondents that the stipulations and waiver bar the application of section 581a, and that, in any event, the filing of the demurrer constituted the filing of an "answer" within the meaning of the last paragraph of the section. It will be remembered that the last paragraph of the section requires the dismissal, where summons has been served but no answer has been filed, if the plaintiff fails to have judgment entered within three years of the service of summons. It is important to keep in mind that this last paragraph was not added to the section until 1933. (Stats. 1933, ch. 744, p. 1869.) The provisions of the first paragraph were added to the Code of Civil Procedure as section 581a in 1907. Prior to that time most of the provisions of the first paragraph were in section 581, subdivision 7.

It will be noted that the first paragraph of section 581a as it now reads relates to the failure to have issued, served and returned the summons, but no dismissal can be had "if *appearance* has been made" within three years. The second paragraph, and the one here involved, applies where summons has been served and where judgment is not entered within three years of service, but no such dismissal shall be had if an "answer" has been filed. There is a great difference between an "appearance" and an "answer." Every "answer" constitutes an "appearance," but every "appearance" does not constitute the filing of an "answer." This is quite important because, while the stipulations here involved might constitute an appearance within the first paragraph, they do not constitute the filing of an "answer" within the meaning of the last paragraph.

The differences between the two paragraphs were pointedly referred to as follows in *Schultz* v. *Schultz,* 70 Cal.App.2d 293, 298 [161 P.2d 36]:

"Appellant next contends that the court, in this case, should construe the word 'answer' used in the second paragraph of section 581a to mean 'appear in the action'; and that the stipulation hereinbefore discussed constituted an appearance by defendant in the case at bar. Appellant relies upon the following language in *Lynch* v. *Bencini, supra,* [17 Cal.2d 521 (110 P.2d 662)] page 533: 'This statutory provision was plainly intended to apply in just such a case as this, where the defendant did not appear'; and the case of *Jacks* v. *Lewis,* 61 Cal.App.2d 148, 151 [142 P.2d 358], wherein the court used the phrase 'failure of defendant to appear and plead,' is also cited by appellant. In view of the reasoning contained in the foregoing opinions taken as a whole, as well as the conclusions reached therein, we are unable to ascribe to these isolated expressions the meaning imputed to them by appellant. The history of section 581a of the Code of Civil Procedure, as set forth in *People* v. *Southern Pacific R. R. Co.,* 17 Cal.App.2d 257, 260 [61 P.2d 1184], coupled with the holding of the Supreme Court in *Lynch* v. *Bencini, supra,* militates strongly against appellant's contention. The words 'answer' and 'appear' are not synonymous. To construe the word 'answer' as used in section 581a as including every 'appearance' would amount to judicial legislation, which is beyond the authority of the court. Section 437 Code of Civil Procedure provides that 'The answer of the defendant shall contain: 1. A general or specific denial of the material allegations of the complaint controverted by the defendant. 2. A statement of any new matter constituting a defense or counterclaim.' The stipulation filed in the instant action contains neither. Section 1014 of the same code provides that 'A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of an appearance for him.' This section makes it plain that, although an answer is an appearance, an appearance is not necessarily an answer.

"In the light of the final paragraph of section 581a, Code of Civil Procedure, the only portion of the section with which we are here concerned, we must assume from the plain and unequivocal language used that when the Legislature enacted the same, the legislative intent was that the actions mentioned in said paragraph must be dismissed by the court whenever no answer has been filed, regardless of what 'appearance'

may have been made other than by answer, when plaintiff fails to have judgment entered within three years after service of summons.''

It will be noted that in the quotation above reference is made to a stipulation between the parties. The stipulation there involved was executed about two weeks after service of summons. 'The stipulation was to the effect that ''the plaintiff herein will not enter default against the defendant, Henry C. Schultz, except upon and after serving the Attorney of Record for said defendant with written notice of her intention to enter the same, unless the defendant plead within 10 days after service of said written notice.'' There service of the summons was on December 27, 1939, the stipulation was dated January 10, 1940, and the trial court, on August 30, 1944, on its own motion dismissed the action under the last paragraph of section 581a. No answer had ever been filed. It was contended that the stipulation above mentioned amounted to a valid waiver of section 581a. At page 296 the court answered this contention as follows:

''Appellant earnestly contends that, because of the above quoted stipulation, the court was without power to enter the defendant's default and therefore the provisions of section 581a were inapplicable. This argument is not impressive. In *Lynch* v. *Bencini,* 17 Cal.2d 521, 531 [110 P.2d 662], it was held that the last paragraph of the code section imposes a duty upon the plaintiff to have judgment entered within three years after service of summons, with a resulting benefit to the defendant, and casts a specific penalty upon a plaintiff when he fails to perform the duty imposed upon him. The case just cited further holds, at page 532, that whenever there is a failure on the part of the plaintiff to perform the aforesaid duty, the court 'must dismiss the action,' and must do so 'on its own motion'; and furthermore, that 'it is error for the court to fail to perform this duty directly imposed upon it.' 'That the statute is ''jurisdictional'' in the sense that the court has no power to excuse delay' and is empowered 'to act only in a certain way, that is, by ordering a dismissal' was the holding in *Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118].

''. . . We are further persuaded that the terms of the last paragraph of section 581a with which we are here alone concerned, providing that the action must be dismissed by the court 'on its own motion,' would be rendered practically

nugatory if by stipulation the parties to an action might take from the court not only its power but its duty to dismiss the action on its own motion. The courts are without power by judicial decision to render practically meaningless the direct and positive requirement of the portion of the statute which is applicable to a case such as this where the defendant did not file an answer.

"We are further impressed that the portion of the statute here under consideration was adopted to secure expeditious and prompt disposition of litigation, and not for the benefit and repose of individuals. When a law is established for a public reason, and not intended for the benefit of an individual, such law cannot be contravened by a private agreement or stipulation. (Civ. Code, § 3513.) While courts are loath to deny a trial on the merits, nevertheless the portion of the code provision with which we are here concerned directs in plain and explicit terms what shall be done in cases like the one at bar and the court has no discretion. To relax the rule in some cases would be to set at naught the will of the Legislature.''

From these various quotations from the Schultz case the following conclusions are inescapable. First, the last paragraph of section 581a requires the filing of an "answer." Second, the execution of a stipulation may constitute an "appearance," but it does not constitute the filing of an "answer" within the meaning of the last paragraph of section 581a, and third, the parties are without power to waive the provisions of section 581a.

Respondents cite cases which apparently hold that a stipulation satisfies the "appearance" requirement of the first paragraph of section 581a. In view of the holding in the Schultz case it must be held that such a stipulation does not satisfy the "answer" requirement of the last paragraph of the section. In their briefs and on the oral argument respondents placed considerable reliance on *Cooper* v. *Gordon,* 125 Cal. 296 [57 P. 1006], where it was held that a stipulation was a sufficient "appearance" to render a dismissal unauthorized, but that case was interpreting section 581, subdivision 7, as it read in 1899 which then referred only to an "appearance" and had no provision relating to the filing of an answer. The same applies to *Roth* v. *Superior Court,* 147 Cal. 604 [82 P. 246], decided in 1905, and also interpreting the "appearance" provision of subdivision 7 of section 581 as it then read.

The rule announced in the Schultz case that the provisions of section 581a cannot be waived may seem harsh, but it is based upon sound public policy and upon proper rules of construction. The Legislature has stated that where summons has been served but no judgment has been entered within three years the action "must" be dismissed unless an answer has been filed. That is the only exception to the mandatory provisions of the section. If the Legislature had wanted to provide that the parties by stipulation could extend the three-year limit, or waive it, they would have so stated. It is quite significant that in drafting section 583 of the Code of Civil Procedure, the section that provides for dismissals for failure to bring actions to *trial* within designated periods, the Legislature expressly provided that the parties could file a stipulation extending the time limits fixed in that section. The failure of the Legislature in section 581a to refer to stipulations, under such circumstances, is most significant. If we were to hold that a stipulation could extend or waive the time limits fixed in section 581a we would be amending the section, not interpreting it.

The last point necessary to discuss is the legal effect of the filing of the demurrer. If reference be made to the chronology set forth in the first part of this opinion, it will be noted that summons was served on September 17, 1943, and that the demurrer was filed January 22, 1947. Thus the demurrer was filed more than three years after the service of summons.

There can be no doubt at all that, if the demurrer had been filed within the three-year period, no dismissal could be granted, such pleading constituting an "answer" within the meaning of section 581a. That was the exact holding in *Evans* v. *Superior Court,* 14 Cal.App.2d 743 [59 P.2d 159], in which a hearing was denied by the Supreme Court. But, in order to have the effect of cutting off the right to a dismissal the "answer" or "demurrer" must be filed within three years from the date of service of summons. That is what the section says. (See, also, *Grant* v. *McArthur,* 137 Cal. 270 [70 P. 88].) An answer filed after the three-year period has elapsed does not cut off the right to a dismissal.

Let the peremptory writ of prohibition issue as prayed.

Ward, J., and Bray, J., concurred.