[Civ. No. 13633.   First Dist., Div. One.   Mar. 4, 1948.]

RIO DEL MAR COUNTRY CLUB, INC., (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SANTA CRUZ COUNTY et al., Respondents; JAMES G. BRYANT, as Director of Employment, etc., Real Party in Interest.

Carlyle Miller for Petitioner.

Fred N. Howser, Attorney General, Chas. W. Johnson, Glenn V. Walls and William L. Shaw, Deputy Attorneys General, for Respondents.

PETERS, P. J.—Petition for a writ of prohibition.

Petitioner seeks in this proceeding to prevent respondent superior court from further proceeding, except to dismiss, an action commenced by respondent commission against petitioner.   The record discloses the following chronology:

*August 26, 1941*—complaint filed and summons issued.

*September 5, 1941*—complaint and summons served.

*October 15, 1941*—defendant filed a demurrer to the complaint.   On the same day defendant executed a stipulation waiving the provisions of section 583 of the Code of Civil Procedure.

*December 4, 1946*—summons returned.

*December 12, 1946*—stipulation above mentioned filed with court.

*June 12, 1947*—plaintiff filed an amended complaint.

*July 3, 1947*—defendant filed a demurrer to the amended complaint.

*July 11, 1947*—on hearing of demurrer defendant orally moved to dismiss for failure to prosecute.

*August 20, 1947*—motion to dismiss denied.

*October 14, 1947*—this proceeding in prohibition instituted.

This case differs fundamentally on its facts from the four cases heretofore decided (1 Civ. Nos. 13631, p. 214 [190 P.2d 295], 13632, p. 840 [190 P.2d 303], 13634, p. 841 [190 P.2d 304], and 13635, p. 843 [190 P.2d 305], *ante*) and in which the peremptory writs were granted. The pertinent dates here involved are August 26, 1941, when the complaint was filed and summons issued, September 5, 1941, when they were served on defendant, and October 15, 1941, when defendant filed its demurrer. Thus, unlike the facts in *Rio Del Mar Country Club* v. *Superior Court,* 1 Civ. 13631, this day filed (*ante,* p. 214 [190 P.2d 295]), the demurrer in the instant case was filed within the three years subsequent to service of summons. In the case to which reference has been made the demurrer had been filed after the lapse of three years from date of service. This is a fundamental distinction. In *Evans* v. *Superior Court,* 14 Cal.App. 2d 743 [59 P.2d 159], it was held that a "demurrer" was the equivalent of an "answer" within the meaning of the last paragraph of section 581a of the Code of Civil Procedure. The last paragraph of that section, it will be remembered, applies where, as here, summons has been served and where judgment has not been entered within three years of service, but it is expressly provided that no dismissal shall be had under that paragraph if an "answer" has been filed. In the instant case an "answer" in the form of a demurrer has been filed. It seems quite clear, therefore, that the trial court properly refused to dismiss.

The argument of petitioner to the contrary is not convincing. It points out that, although it demurred on October 15, 1941, no return was made of the summons until December 4, 1946. It, therefore, contends that there was a failure to serve and return the summons within three years, and that it is entitled to a dismissal under the first paragraph of section 581a providing for service and return within a period of three years. But, it will be remembered that the first paragraph of section 581a provides that no dismissal shall be had if an "appearance" is made within the three-year period,

even though the summons is not returned. The filing of a demurrer within that three-year period, as already pointed out, constituted the filing of an "answer" under the Evans case, *supra*. Every "answer" is, of course, an appearance. (Code Civ. Proc., § 1014; *Schultz* v. *Schultz*, 70 Cal.App.2d 293 [161 P.2d 36].) Once an appearance has been made by defendant, nonservice or nonreturn of the summons become immaterial factors. The voluntary appearance of the defendant within the three years renders unnecessary either service or return of service of the summons.

The alternative writ of prohibition is discharged, and the petition for a peremptory writ is denied.

Ward, J., and Bray, J., concurred.