190 P.2d 304]

[Civ. No. 13634.   First Dist., Div. One.   Mar. 4, 1948.]

JAMES MONROE (a Copartnership) et al., Petitioners, v. THE SUPERIOR COURT OF SANTA CRUZ COUNTY et al., Respondents; JAMES G. BRYANT, as Director of Employment, etc., Real Party in Interest.

Carlyle Miller for Petitioners.

Fred N. Howser, Attorney General, Chas. W. Johnson, Glenn V. Walls and William L. Shaw, Deputy Attorneys General, for Respondents.

PETERS, P. J.—Petition for a writ of prohibition. Petitioners seek in this proceeding to prevent respondent

superior court from further proceeding, except to dismiss, an action commenced by the respondent commission against petitioners. The record discloses the following chronology:

*October 29, 1943*—complaint filed and summons issued.

*April 13, 1944*—amended complaint filed and summons issued.

*April 18, 1944*—amended complaint and summons served on petitioners.

*April 27, 1944*—stipulation extending time to defendants to plead to June 1, 1944, executed—not filed with the trial court until August 14, 1947.

*May 18, 1944*—stipulation extending time to defendants to plead to July 1, 1944, executed—not filed with the trial court until August 14, 1947.

*June 23, 1944*—stipulation extending time to defendants to plead until 10 days after receipt of written notice from plaintiff—not filed with the trial court until August 14, 1947.

*December 23, 1946*—summons on first amended complaint returned.

*July 1, 1947*—notice to plead given defendants.

*July 7, 1947*—motion to dismiss filed by defendants upon the ground, among others, that more than three years had elapsed from the date of service of summons on the amended complaint, that no answer or appearance had been filed or made within that time, and that no judgment had been entered.

*July 11, 1947*—motion to dismiss argued.

*August 14, 1947*—the three stipulations above mentioned were filed with the trial court.

*August 18, 1947*—motion to dismiss denied—entered August 20, 1947.

*October 14, 1947*—this proceeding in prohibition instituted.

The facts of this case are substantially similar to those in *Aptos Building Co. v. Superior Court,* 1 Civ. 13632, this day filed (*ante,* p. 840 [190 P.2d 303]). So far as the legal effect of the stipulations is concerned, the case is governed by the rules of law set forth in *Rio Del Mar Country Club* v. *Superior Court,* 1 Civ. 13631, this day filed (*ante,* p. 214 [190 P.2d 295]).

On the authority and for the reasons set forth in the opinions in those cases it is ordered that the peremptory writ of prohibition issue as prayed.

Ward, J., and Bray, J., concurred.