[S. F. No. 1928. Department One.—November 9, 1899.]

M. ELIZABETH PECK, as Special Administratrix, et cetera, of Martina Castro Depeaux, Deceased, Appellant, v. H. AGNEW et al., Respondents.

126 607
132 84

126 607
144 30

PRACTICE—NONRETURN OF SUMMONS—APPEARANCE BY DEMURRER—DIS-MISSAL.—Under section 581 of the Code of Civil Procedure, an action to quiet title to and recover the possession of land, commenced against a number of defendants, some of whom had appeared by filing a demurrer to the complaint, which had never been acted upon by the court, cannot be dismissed as to them, at the instance of the other defendants who have not appeared, on the ground that the summons had not been returned within three years after the commencement of the action. The failure to so return the summons authorizes a dismissal as to those defend-ants who have not appeared, and the action may be prosecuted against those who have made such appearance, if the court would be authorized to render a judgment against them in the absence of the other defendants.

ID.—QUIETING TITLE—PLAINTIFF AS SPECIAL ADMINISTRATRIX—ABATE-MENT.—An action to quiet title to and recover the possession of land, alleged to belong to the estate of a deceased person, which is brought by the special administratrix of the estate of such deceased, does not abate by the revocation of the special letters of administration.

ID.—DISMISSAL—APPEAL—REPRESENTATIVE CAPACITY.—Where a judg-ment dismissing an action brought by a special administra-trix is made on the motion of defendants, for failure to return the summons within the time limited by law, after her powers as special administratrix have been revoked, an appeal there-from, taken by her in her representative capacity, cannot be dis-missed on the ground that at the time of taking the appeal she had ceased to be such special administratrix.

JUDGMENT-ROLL—SERVICE OF NOTICE OF APPEAL.—Proof of the service of the notice of appeal is not a part of the judgment-roll.

ID.—APPEAL — QUIETING TITLE—DEFENDANTS NOT APPEARING.—On an appeal from a judgment dismissing an action brought against

several defendants to quiet title to land and recover the possession thereof, defendants who had not been served with the summons and who had not appeared need not be served with the notice of appeal.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   J. H. Logan, Judge.

The facts are stated in the opinion of the court.

J. F. Utter, J. J. Scrivner, and A. H. Cohen, for Appellant.

William T. Jeter, and Charles B. Younger, for Respondents.

HARRISON, J.—This action was commenced in the superior court December 12, 1895, against a number of defendants, by the plaintiff, as special administratrix of the estate of Martina Castro Depeaux, deceased, for the purpose of having it declared that they have no interest in or title to the land described in the complaint, and that it belonged to the estate of her intestate, and that she recover possession thereof.   It does not appear from the record, except inferentially, whether a summons was ever issued upon the complaint, or that it was ever served upon either of the defendants; but within ten days after the commencement of the action a demurrer was filed on behalf of several of the defendants.   It does not appear that any action has been taken by the court upon this demurrer.   December 19, 1898, a motion was made on behalf of seven of the defendants named in the complaint who had not demurred thereto to set aside the summons and the service thereof, and to dismiss the action upon the ground, among others, that the summons had not been returned within three years from the commencement of the action.   At the hearing the court granted their motion and dismissed the action, and the plaintiff has appealed therefrom.

The appellant does not controvert the right of the persons who made the motion to have the action dismissed as to them, nor does she object to the action of the court, so far as it may be limited to them.   At the time the motion was granted she excepted thereto, "upon the ground that said court had no jurisdiction to dismiss said action, except as to the defendants who had not or who did not appear in said action by the demurrers," and she now contends that to the extent that the

dismissal purports to embrace those who had appeared in the action, it was erroneous, and that in this respect the judgment should be modified.

With this contention of the appellant we agree. The failure of the plaintiff to return the summons did not affect her right to continue the action against those defendants who had demurred to the complaint. It is declared in the concluding sentence of section 581 of the Code of Civil Procedure that "all such actions may be prosecuted if appearance has been made by the defendant or defendants within said three years, in the same manner as if summons had been issued and served." This provision does not prevent a dismissal when some of the defendants have appeared, as to those who have not appeared, nor does it require an appearance by all of the defendants in order to deprive the court of all power of dismissal, but it is to be construed as authorizing a dismissal as to those defendants who have not appeared and a prosecution of the action against those who have made such appearance whenever the court would be authorized to render a judgment against them in the absence of the other defendants. The defendants who demurred were entitled to have the issue presented by their demurrer passed upon by the court, and had chosen attorneys for that purpose, as well as to represent them in all proceedings that might be had in the action. It was not competent for the court to dismiss them out of the action upon the motion of other defendants with whom they were in no wise connected. Nor did the fact that the motion was made by the same attorneys that represented them in the demurrer affect their rights. The motion was made on behalf only of defendants who had not demurred— seven in number—and without any notice to the demurrants.

Whether the property described in the complaint belonged to the estate of the decedent was an issue to be tried in the case, and could not be determined upon a motion to dismiss the action. While this issue was pending and undetermined, the action did not abate by reason of the revocation of the special letters that had been granted to the appellant.

A motion to dismiss the appeal was made herein upon the ground that at the time of taking the appeal the appellant had ceased to be the special administratrix of the estate, and her

powers as such had been revoked, and she was therefore not authorized to take an appeal. It is a sufficient answer to this motion to say that the respondents recognized her right to represent the estate by serving their motion for a dismissal of the action upon her. The orders which they now invoke as a reason why she had no right of appeal were made long prior to such service, and no change has taken place in her relation to the estate since the action of the court upon their motion. If the superior court was authorized to entertain their motion and render judgment against her, she is authorized to seek a reversal of that judgment in this court.

The further ground urged for a dismissal of the appeal, viz., that the notice of appeal has not been served upon the respondents, is contradicted by the transcript, in which there is printed a copy of an affidavit of this service. The correctness of the affidavit, as printed in the transcript, is not disputed, and from the nature of the act proof of such service would not be a part of the judgment-roll. The objection to the statement therein that a "copy" of the notice of appeal rather than the original was served upon the respondents is without merit.

It was not necessary to serve the notice of appeal upon the defendants who had not been served with the summons and had not appeared. They were not parties to the proceedings in the superior court, and their interest in the action will not be injuriously affected by a modification of the judgment as asked by the appellant. (*Clarke v. Mohr*, 125 Cal. 540.)

The motion to dismiss the appeal is denied. The superior court is directed to modify its judgment in accordance with the views herein.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.