[Civ. No. 34684. Second Dist., Div. Three. Apr. 8, 1970.]

AMF PINSPOTTERS, INC., Plaintiff and Respondent, v. SAMUEL E. PEEK, Defendant and Appellant.

## COUNSEL

Webb & Webb and John A. Webb for Defendant and Appellant.

Meserve, Mumper & Hughes, Lewis T. Gardiner and John Deacon for Plaintiff and Respondent.

## OPINION

**SHINN, J.**\*—Samuel E. Peek (Peek) appeals from a judgment entered in one of two lawsuits which were consolidated for trial. The first action, brought by AMF Pinspotters, Inc., a corporation, (Pinspotters) against Bimini Bowl, Inc., a corporation, Peek, and Wile Investment Co., a corporation, was a suit on a lease of personal property installed in Bimini Bowl, a bowling establishment, seeking rental payments and damages for

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

goods and services sold. Peek filed his answer on February 21, 1964. Defaults were taken against Bimini Bowl, Inc., and Wile Investment Co. The second action, and the one out of which Peek appeals, commenced by Pinspotters November 20, 1964, was for recovery of personal property and damages. Named as defendants were Peek, individually, Peek and Wile Investment Co., a copartnership, and Wile Investment Co., a corporation. After appellant was personally served with a copy of the summons and complaint on November 27, 1964, individually and as a partner with the corporation, he failed to appear and his default was entered by the clerk on December 22, 1964. The copartnership was also served by service on Peek; it failed to appear; and its default was entered on December 22, 1964. On February 21, 1966, Wile Investment Company made its general appearance by filing a demurrer to the complaint. Pinspotters amended, and Wile Investment Company filed its answer and a cross-complaint. July 11, 1966, Pinspotters filed its answer to the cross-complaint. On October 16, 1968, both cases came to trial, and a motion was made to dismiss the complaint in the second case as to Peek, pursuant to Code of Civil Procedure section 581a, since more than three years had elapsed after the service of the summons and complaint upon appellant, and respondent had failed to have a default judgment entered. The motion was denied, and the trial was commenced. November 21, 1968, the court found that none of the defendants possessed any interest in the personal property and entered judgment for the plaintiff for possession of the personal property and against Peek for $2,086, the cost of removing the same, plus interest.

█ Appellant contends that section 581a of the Code of Civil Procedure is applicable and that the trial court was without jurisdiction to do other than dismiss the action as to Peek.

Section 581a, in pertinent part, reads as follows: "All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons, except where the parties have filed a stipulation in writing that the time may be extended."

Respondent interprets the section to mean that it is intended to operate only if there is no answer by any defendant in the action; that the corporation had an answer on file and that it was thereby excused from entering judgment against Peek individually or as a copartner with the corporation, or as against the alleged partnership within the three-year period. Appellant interprets the section to mean that the court must dismiss the action

as to a defendant who has defaulted as to whom no judgment has been entered within that period, notwithstanding the fact that an answer of another defendant is on file. This interpretation is illogical; of course, a judgment by default for failure to answer or otherwise effectually appear in the action cannot be taken against a defendant who has an answer on file. When one defendant has been served and has defaulted and no defendant has an answer on file, it is a default case, and it is ended when a judgment is entered against the defaulting defendant. It is in purely default cases that the court has a mandatory duty to dismiss the action if no judgment is entered within three years.

Cases in which judgment may be entered against one defendant and which may go to trial against one or more other defendants belong in a separate category.

Section 579 of the Code of Civil Procedure makes provision for the entry of more than one judgment in contested cases when a several judgment may be entered. The section reads: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

Although a several judgment may be entered against one defendant there will be cases in which there is also joint liability. In such cases the court would exercise great care in proceeding under section 579 to avoid rendering judgment against one defendant upon what might be a joint or joint and several liability with another defendant as to whom the case had not been tried. In the trial which followed the second defendant might be found to be under no liability, and there would be conflicting judgments outstanding.

In the present case plaintiff entered the default of the alleged partnership and sought a judgment against it and against Peek upon a partnership liability. In the trial it was determined the alleged partnership consisting of Peek and the corporation did not exist. A default judgment against the alleged partnership and against Peek as a member of the same would have been in direct conflict with the later judgment.

Under the theory of appellant the court was under a mandatory duty to bring about this result. Acting under section 579 the court would not render a judgment against one defendant which might adversely affect the rights of another defendant as to whom the case was yet to be tried.

When the two sections are read together it will be seen that the procedure under section 579 and not that under section 581a is fitted to cases

in which one defendant has defaulted, or the case as to him has been tried, and another has answered, and the case as to him has yet to be tried.

Peek has cited and relies upon the decision of the Supreme Court in *Lynch* v. *Bencini,* 17 Cal.2d 521 at pp. 531-532 [110 P.2d 662]. In that case Wright and Gray were served; Wright defaulted and Gray filed an answer; the plaintiff dismissed with prejudice as to Gray. Thereafter and before the dismissal was filed, the clerk entered a judgment against Wright; later a motion was made by the representative of Wright's estate for vacation of the judgment and for dismissal under section 581a of the Code of Civil Procedure for failure to enter judgment within three years. The trial court denied the motion. The Supreme Court held, inter alia, that the clerk was without authority to enter the judgment against Wright and reversed with instructions to dismiss as to Wright. The court did not decide the question we have as to the meaning of section 581a. If there is language in the opinion which vaguely gives a meaning to that section which would authorize the court to dismiss only when the person against whom judgment was sought had no answer on file it would seem clear that the court was regarding the case as a pure default case after plaintiff had dismissed as to Gray and removed him from the case. The opinion is not in conflict with our interpretation of section 581a.

The judgment is affirmed.

Schweitzer, Acting P. J., and Allport, J., concurred.

A petition for a rehearing was denied April 22, 1970, and appellant's petition for a hearing by the Supreme Court was denied June 5, 1970.