[Civ. No. 39488. Second Dist., Div. Two. Mar. 15, 1972.]

LESLIE C. WATSON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SCOTT EUGENE BAKER, a Minor, etc., et al., Real Parties in Interest.

54

**COUNSEL**

Early, Maslach, Foran & Williams and Stephen J. Peterson for Petitioner.

No appearance for Respondent.

Blumberg & Zommick and Myron Blumberg for Real Parties in Interest.

**OPINION**

**HERNDON, J.**—Petitioner seeks the writ of mandate to compel the dismissal of a medical malpractice action as to him upon the ground that

plaintiffs failed to serve him and return the summons within three years after the commencement of the action. Petitioner relies upon Code of Civil Procedure section 581a, subdivision (a), which provides: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

Plaintiffs, an adult and a minor by his guardian ad litem, commenced the action on December 6, 1967, by filing their complaint against four named defendants and five fictitiously named defendants designated as Does I to V. The four named defendants and two of the fictitiously named defendants were served and answered within three years.

On October 1, 1971, three years and ten months after the commencement of the action, plaintiffs filed an amendment to their complaint alleging that they had discovered the true name of the defendant designated in their complaint by the fictitious name Doe III to be L. C. Watson, petitioner herein. Petitioner's true name was inserted by the amendment and a few days later he was served with summons.

Petitioner promptly filed his motion to dismiss the action as to him, invoking the provisions of section 581a. The motion was submitted upon memoranda of points and authorities filed by the opposing parties and was denied by the court's minute order without explanatory comment. Petitioner thereupon filed his answer and his petition to this court for the writ of mandate.

Real parties in interest (plaintiffs) contend: (1) that "once a single defendant has appeared generally, the court may not dismiss the others under Code of Civil Procedure section 581a"; (2) that petitioner has no right to dismissal because plaintiffs did not discover his involvement until more than three years after commencement of the action, and petitioner has not met his burden of showing laches on plaintiffs' part; (3) that the filing of petitioner's answer constituted a general appearance, precluding his dismissal under the terms of section 581a; and (4) that dismissal was properly denied to avoid multiplicity of actions, because the minority of one

of the plaintiffs tolls the statute of limitations as to him and hence would entitle him, after dismissal, to file a new action.

We have concluded that none of plaintiffs' contentions is valid and that petitioner is correct in his contention that he is entitled to a dismissal by reason of the application of section 581a.

*The General Appearance of Other Defendants Did Not Deprive Petitioner of His Right of Recourse to Section 581a.*

■ Plaintiffs' first contention is rejected on the authority of *Peck* v. *Agnew,* 126 Cal. 607, 609 [59 P. 125]; *People* v. *Southern Pacific R. R. Co.,* 17 Cal.App.2d 257, 264 [61 P.2d 1184]; and *Converse* v. *Joslin,* 176 Cal.App.2d 638, 647-648 [1 Cal.Rptr. 777]. Whatever doubt as to the operation of the statute might exist in a case in which all defendants were indispensable or necessary parties does not arise in this case in which the defendants are sued as joint tortfeasors who are proper but not necessary parties and may be sued jointly or severally. (*Fisch & Co., Ltd.* v. *Superior Court,* 6 Cal.App.2d 21, 24 [43 P.2d 855]; *Miller* v. *McKinnon,* 20 Cal.2d 83, 99 [124 P.2d 34, 140 A.L.R. 570].)

Plaintiffs' reliance upon *AMF Pinspotters, Inc.* v. *Peek,* 6 Cal.App.3d 443 [86 Cal.Rptr. 46], is misplaced. In that case the plaintiff brought an action against an individual, a corporation and an alleged copartnership comprised of the individual and corporate defendants. The individual was personally served, both individually and as a partner with the defendant corporation, but he failed to appear and his default was entered. The copartnership also failed to appear and its default was entered. Defendant corporation made a general appearance and filed an answer and cross-complaint. When the case came on for trial the individual defendant made a motion to dismiss the complaint as to him pursuant to section 581a. The motion was denied. On appeal the ensuing judgment was affirmed. Emphasizing the relationships existent among the parties defendant, the court reasoned that if the action were dismissed as to the individual defendant and a several judgment were entered against the remaining defendants, there would be a resultant conflict in judgments.

The factual and legal differences between the cited case and the case at bench are both obvious and significant. The situation of a defaulting defendant who has been served with summons within the time allowed by law is manifestly very different from that of a defendant who has never been served and is not chargeable with knowledge that any action is pending against him.

*Plaintiffs Are Required to Carry the Burden of Excusing Their Noncompliance With the Requirements of Section 581a.*

Despite the mandatory language of section 581a, the courts have recognized certain "implied exceptions" to its application. It has been held that noncompliance may be excused where it is established that it was "impracticable, impossible or futile" to comply, or where the defendant is estopped by his own conduct. (*Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740 [329 P.2d 489]; *Tresway Aero, Inc.* v. *Superior Court,* 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211].)

But unless the record affirmatively discloses the existence of a sufficient excuse or the basis for an estoppel, the burden rests upon the plaintiff to prove it. This rule is stated as follows in *Hill* v. *Superior Court,* 251 Cal. App.2d 746, 755 [59 Cal.Rptr. 768]: "Even under the rule announced in *Wyoming Pacific* the burden is on the plaintiff, in order to escape the force of the mandatory provisions of section 581a, to make an adequate showing that it was impossible, impracticable or futile to comply with the provisions of that section as to the service and return of the summons within the three-year period. In such a case the plaintiff must show 'not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense.' (*Christin* v. *Superior Court,* 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].) The limited discretion thus conferred on the trial court is not enlarged by the admonition of the court in *Wyoming Pacific* that 'the discretion permitted must be "exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice." ' To hold otherwise would require us to engage in the long forbidden practice of judicial legislation. (*Tynan* v. *Walker,* 35 Cal. 634 [95 Am.Dec. 152].)"

Plaintiffs herein claim no estoppel and their showing of excuse consists only of their assertion that, "The involvement of the third fictitiously named defendant, Leslie C. Watson, M.D., as one of those persons who should be named as a defendant in this case was discovered in September 1971 in the course of depositions and other discovery proceedings."

Plaintiffs' statement immediately suggests an obviously pertinent question: Why did plaintiffs require three years and nine months to discover whatever factual basis existed for their allegations that Dr. Watson was a negligent participant in the medical and surgical procedures described in the complaint?

The record answers this question in a manner most unfavorable to plaintiffs' position. The file discloses lengthy and unexplained delays on the part of plaintiffs in the taking of depositions, in submitting inter-

rogatories to the named defendants and in filing their answers to the interrogatories propounded by defendants. During two intervals, each exceeding one year in length, no discovery procedures were pursued. The record strongly indicates lack of diligence on the part of plaintiffs.

As stated in *People* v. *Kings County Dev. Co.,* 48 Cal.App. 72, 76 [191 P. 1004]: "The object intended to be attained by section 581a of the Code of Civil Procedure is, obviously, to compel reasonable diligence in the prosecution of an action after it has been commenced, and thus afford the party or parties against whom it is brought an opportunity to present such evidential support to any defense he or they may have thereto as may be available at the time the action is instituted, but which may be lost or destroyed through the death of witnesses or otherwise before the action is brought to issue by reason of an unreasonably long delay in serving the defendant or defendants with appropriate legal process notifying him or them of the pendency of the action."

The evident purpose of section 581a to require diligent prosecution has been emphasized in numerous cases. (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118]; *Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, 740.) Plaintiffs' noncompliance with the mandatory requirement of the statute entitles the defendant to dismissal unless there is an adequate showing that compliance was objectively impossible, impracticable or futile. (*Hill* v. *Superior Court, supra,* 251 Cal.App.2d 746; *Dresser* v. *Superior Court,* 231 Cal.App.2d 68 [41 Cal.Rptr. 473]; *Brock* v. *Fouchy,* 76 Cal.App.2d 363 [172 P.2d 945].)

> *The Filing of an Answer Following the Erroneous Denial of*
> *Defendants' Motion to Dismiss Did Not Affect His Right to*
> *a Review of the Order.*

Prior to the 1970 revision of section 581a, the second sentence read in part as follows: "But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, *within said three years* in the same manner as if summons had been issued and served; . . ." (Italics added.) The 1970 amendment replaced the second sentence with the following: ". . . except where . . . the party against whom the action is prosecuted has made a general appearance in the action."

In numerous cases decided prior to the 1970 amendment it was held that a general appearance after the three years had run did not operate to deprive a defendant of his right to a dismissal. (*Grant* v. *McArthur,* 137 Cal. 270, 271 [70 P. 88]; *Swortfiguer* v. *White,* 141 Cal. 576, 579 [75 P. 172]; *National Union Fire Ins. Co.* v. *Superior Court,* 247 Cal.

App.2d 326, 329-330 [55 Cal.Rptr. 574]; *Beckwith* v. *County of Los Angeles,* 132 Cal.App.2d 377, 379 [282 P.2d 87].)

Plaintiffs argue that the amendment was designed to change the law as declared in the cited decisions. We disagree. ■ It is an accepted canon of statutory interpretation that ". . . it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication." (*County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 644 [122 P.2d 526], quoted in *Mattern* v. *Carberry,* 186 Cal.App.2d 570, 573-574 [9 Cal. Rptr. 137].)

■ Furthermore, the ordinary rules of grammar, which must be applied unless they lead to an absurd result (*People* v. *One 1940 Chrysler Coupe,* 48 Cal.App.2d 546, 549 [120 P.2d 117]), include the rule that an expression which refers to some antecedent must be taken as referring to the last antecedent which makes sense in the context. The words "has made a general appearance" would accordingly be taken to refer to the phrase immediately preceding the exceptions, "within three years after the commencement of said action," rather than the prior phrase "shall be dismissed."

We conclude that the filing of petitioner's answer after the expiration of the three-year period following the commencement of the action did not constitute a "general appearance" which would preclude his right to dismissal, within the meaning of section 581a.

*The Fact That the Statute of Limitations Is Tolled During the Minority of One of the Plaintiffs Does Not Operate to Defeat Defendant's Right of Recourse to Section 581a.*

■ Plaintiffs contend, in effect, that section 352 of the Code of Civil Procedure not only tolls the statute of limitations during the minority of a plaintiff, but also tolls the right of dismissal under section 581a of any defendant sued by a minor. They argue that the minor, plaintiff here, could file a new action, after dismissal, at any time until his majority, and this requires denial of dismissal because it would result in a multiplicity of actions.

It is true that dismissal under section 581a, as under section 583, has long been held to be without prejudice, because it is not on the merits. (*Taliaferro* v. *Riddle,* 167 Cal.App.2d 567, 569 [334 P.2d 950] (Code Civ. Proc., § 581a); *Wilson* v. *Bittick,* 63 Cal.2d 30, 36 [45 Cal.Rptr.

31, 403 P.2d 159] (Code Civ. Proc., § 583).) The minor plaintiff here, like any plaintiff not barred by a statute of limitations, could file again after dismissal. But in the face of the clear mandate of the statute, the courts are without authority to withhold dismissal merely to avoid multiplicity of actions, and plaintiffs cite no authority to the contrary.

> *As to a Fictitiously Named Defendant the Three-year Requirement of Section 581a Begins to Run Upon Commencement of the Action.*

The law governing the operation of section 581a as it applies to fictitiously named defendants is well settled. The controlling rule is indicated by the following from *Rios* v. *Torvald Klaveness,* 2 Cal.App. 3d 1077, 1082 [83 Cal.Rptr. 150]:

"Finally, plaintiff contends that as to the fictitiously named Doe defendants the three-year provision in section 581a should be held to commence running from the date of service of summons rather than from the date of commencement of the action. The law is to the contrary. (*Dresser* v. *Superior Court* (1964) 231 Cal.App.2d 68, 75, 78 [41 Cal. Rptr. 473]; cf. *Taliaferro* v. *Riddle* (1959) 167 Cal.App.2d 567, 569, fn. [334 P.2d 950]; cf. *Brock* v. *Fouchy* (1946) 76 Cal.App.2d 363, 365, 368, 372 [172 P.2d 945] [dealing with portion of section 581a requiring issuance of summons within one year after filing of action].)"

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying defendant's motion and to enter an order dismissing the action as to him.

Roth, P. J., and Compton, J., concurred.