[Civ. No. 41669. Second Dist., Div. One. Dec. 28, 1973.]

KENNETH G. McKENZIE et al., Plaintiffs and Respondents, v. CITY OF THOUSAND OAKS, Defendant and Appellant.

## Counsel

Vincent Fish, David Clark, Toni Rae Bruno and Chase, Rotchford, Drukker & Bogust for Defendant and Appellant.

William B. Ritner and Thomas G. Baggott for Plaintiffs and Respondents.

## Opinion

**LILLIE, J.**—On October 7, 1966, plaintiffs filed a complaint for damages to real and personal property caused by flooding by reason of inadequate drainage, against numerous named defendants including certain development companies, and the County of Ventura, Ventura County Flood Control District and the City of Thousand Oaks. Defendant city was served on February 21, 1967; no answer was filed by or on behalf of defendant city and it made no general appearance. Two and one-half years after service and on August 25, 1969, default was entered against it at the request of plaintiffs, but the default was not then reduced to judgment. On March 9, 1967, the County of Ventura and Ventura County Flood Control District were served and on April 10, 1967, filed a joint answer. After lengthy negotiations and on May 28, 1971, plaintiffs entered into a settlement with County of Ventura and Ventura County Flood Control District admittedly "predicated upon the amount anticipated [by plaintiffs] from [defendant] City" on the default judgment to be entered against it, and on July 1, 1971, at plaintiffs' request the cause was dismissed with prejudice as to the County of Ventura and Ventura County Flood Control District.

According to declaration of counsel for defendant city, he first became aware of the action pending against it around June 30, 1971. Thus, nearly four and one-half years having elapsed since service of summons on defendant city and plaintiffs not having reduced the entry of default to judgment, on August 5, 1971, it moved to dismiss pursuant to section 581a, subdivision (c), Code of Civil Procedure; on September 3, 1971, the motion was denied. On September 21, 1971, defendant moved to set aside default; this motion, too, was denied. After several hearings on proof of default, and on August 8, 1972, nearly five and one-half years after service of summons on defendant city, default judgment in the sum of $27,746 was entered against it in favor of plaintiffs. Defendant city appeals from the judgment.

Section 581a, subdivision (c), Code of Civil Procedure, effective February 27, 1970, provides: "All actions, heretofore or hereafter commenced, shall be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if no answer has been filed after either service has been made or the defendant has made a general appearance, if plaintiff fails, or has failed, to have judgment entered within three years after service has been made or such appearance by the defendant, except where the parties have filed a stipulation in writing that the time may be extended." Thus, in the circumstances here and under the language of the foregoing statute, the period in which entry of a default must be reduced to judgment expired on February 21, 1970.[1] The factual situation would seem to place this case squarely within the ambit of section 581a, subdivision (c). At the time of the motion to dismiss (Aug. 5, 1971) nearly four and one-half years had elapsed since service of summons on defendant city (Feb. 21, 1967), no answer had been filed by or on behalf of defendant city and no general appearance made by it, plaintiffs had not entered judgment against defendant city and no written stipulation extending the time recited in section 581a, subdivision (c), was filed by the parties. The default judgment was not entered until August 8, 1972, nearly five and one-half years after service of summons. Citing *Lynch* v. *Bencini,* 17 Cal.2d 521, 530-533 [110 P.2d 662], appellant argues that the superior court had a mandatory duty under the statute to dismiss the action. Respondents answer that (1) the section does not apply in a case in which an answer has been filed by *any* defendant against whom the relief sought is the same as that sought against the defaulted defendant, citing *AMF Pinspotters, Inc.* v. *Peek,* 6 Cal.App.3d 443 [86 Cal.Rptr. 46], and (2) dismissal is a matter for the trial court's discretion.

 Section 581a, Code of Civil Procedure, is part of a statutory scheme, the purpose of which is to compel reasonable diligence in the prosecution of an action after it has been commenced (*Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740 [329 P.2d 489]; *Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118]; *Flamer* v. *Superior Court,* 266 Cal.App.2d 907, 911 [72 Cal.Rptr. 561]; *People* v. *Kings County Dev. Co.,* 48 Cal.App. 72, 76 [191 P. 1004]) and "expedite litigation and require it to be brought to conclusion within reasonable time limits. (*Schultz* v. *Schultz,* 70 Cal.App.2d 293, 297 [161 P.2d 36]; *Rio del Mar etc. Club, Inc.* v. *Superior Court,* 84 Cal.App.2d 214, 225

---

[1] Entry of a default by the clerk within the three years after service is not equivalent to a judgment of default. (*Lynch* v. *Bencini,* 17 Cal.2d 521, 524 [110 P.2d 662]; *Jacks* v. *Lewis,* 61 Cal.App.2d 148, 151 [142 P.2d 358].)

[190 P.2d 295].)" (*Moore* v. *Superior Court,* 8 Cal.App.3d 804, 810 [87 Cal.Rptr. 620].) Prior to 1969 section 581a provided that all actions "must be dismissed"[2] if summons has been served and no answer has been filed, if plaintiff has failed to have judgment entered within three years after service; section 583, Code of Civil Procedure, provided that after the commencement of an action the same "shall be dismissed by the court" unless such action is brought to trial within five years after plaintiff has filed his action.

Until *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736 [329 P.2d 489], decided in 1958, section 581a was held to be mandatory and jurisdictional in the sense that the court had no power to excuse the delay in the prosecution of an action. (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118].) The court in *Wyoming Pacific Oil Co.,* however, held that "notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583." (Pp. 740-741.) It previously noted on page 740, that "[d]espite the apparently mandatory language of [section 583, Code of Civil Procedure], this court has found many 'implied exceptions' where it was 'impracticable and futile' to bring the action to trial within the designated five-year period. [Citation.]" ■ Thus, under *Wyoming Pacific Oil Co.* the same exceptions are now held to apply to section 581a (*Flamer* v. *Superior Court,* 266 Cal.App.2d 907, 913 [72 Cal.Rptr. 561]), and noncompliance with section 581a may be excused where it is established that it was "impracticable, impossible or futile" to comply, or where the defendant is estopped by his own conduct. (*Tresway Aero, Inc.* v. *Superior Court,* 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211]; *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740 [329 P.2d 489]; *Watson* v. *Superior Court,* 24 Cal.App.3d 53, 58 [100 Cal.Rptr. 684].)

The plaintiff, however, is required to carry the burden of excusing his noncompliance. "[U]nless the record affirmatively discloses the existence of a sufficient excuse or the basis for an estoppel, the burden rests upon the plaintiff to prove it. This rule is stated as follows in *Hill* v. *Superior*

---

[2]The second paragraph of section 581a provided "All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons, except where the parties have filed a stipulation in writing that the time may be extended." An amendment in 1969 substituted the word "shall" for "must." In 1970 the Legislature rewrote the section making the second paragraph subdivision (c) of the new section 581a; in 1971 further amendment substituted other language not here pertinent.

*Court,* 251 Cal.App.2d 746, 755 [59 Cal.Rptr. 768]: 'Even under the rule announced in *Wyoming Pacific* the burden is on the plaintiff, in order to escape the force of the mandatory provisions of section 581a, to make an adequate showing that it was impossible, impracticable or futile to comply with the provisions of that section as to the service and return of the summons within the three-year period. In such a case the plaintiff must show "not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense." (*Christin* v. *Superior Court,* 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].) The limited discretion thus conferred on the trial court is not enlarged by the admonition of the court in *Wyoming Pacific* that "the discretion permitted must be 'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.'" To hold otherwise would require us to engage in the long forbidden practice of judicial legislation. (*Tynan* v. *Walker,* 35 Cal. 634 [95 Am.Dec. 152].)'" (*Watson* v. *Superior Court,* 24 Cal.App.3d 53, 58 [100 Cal.Rptr. 684].) The California Supreme Court in *Brunzell Constr. Co.* v. *Wagner,* 2 Cal.3d 545 [86 Cal.Rptr. 297, 468 P.2d 553], discussing the mandatory nature of section 583, said at page 551 "we have recognized an exception to the section 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' (*Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 533; *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 93-97 [52 Cal.Rptr. 460, 416 P.2d 492]; *Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117-118 [237 P.2d 981]; *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 64-68 [168 P.2d 665].)"

Plaintiffs' showing consists of the mere assertion in their points and authorities in opposition to motion to dismiss that "settlement was not made against defendants Ventura County and Ventura County Flood Control District until after three years from service of summons on defendant City of Thousand Oaks [and] as a matter of fairness, it would have been highly improper to have judgment entered against defendant City of Thousand Oaks prior to settlement with defendants Ventura County and Ventura County Flood Control District, since the liability of all defendants was joint and several. Furthermore, the fact of the settlement and amount thereof is properly before the court in the default judgment hearing against defendant City of Thousand Oaks now pending." The issue of whether or not the trial court abused its "limited discretion" (*Watson* v. *Superior Court,* 24 Cal.App.3d 53, 58 [100 Cal.Rptr. 684]) in determining that a plaintiff sustained his burden of showing the objective impossibility, or impracticability and futility required to excuse

noncompliance with section 581a, subdivision (c) (*Brunzell Constr. Co.*
v. *Wagner,* 2 Cal.3d 545, 551 [86 Cal.Rptr. 297, 468 P.2d 553]; *Christin*
v. *Superior Court,* 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153];
*Watson* v. *Superior Court,* 24 Cal.App.3d 53, 59 [100 Cal.Rptr. 684];
*Hill* v. *Superior Court,* 251 Cal.App.2d 746, 755 [59 Cal.Rptr. 768])
must be decided on the facts in each case. (*Wyoming Pacific Oil Co.* v.
*Preston,* 50 Cal.2d 736, 741 [329 P.2d 489].) Nothing in the minute
order of September 3, 1971, indicates the reason for the court's denial
of defendant city's motion to dismiss, thus we proceed to a discussion
of respondents' contentions.

■ Respondents' first challenge to appellant's position is based on
their theory that section 581a, subdivision (c), does not apply where an
answer has been filed by *any* defendant against whom the relief sought
is the same as that sought against the defaulted defendant. To support
this they would have us interpret the statute to preclude the dismissal of
an action naming multiple defendants, as to a served defendant under the
conditions recited in the statute if there is on file an answer by *any* one of
the served defendants; they argue that the phrase "no answer has been
filed" does not refer to the defaulted defendant (such as defendant city)
but means "no answer has been filed by *any* defendant who has been
served." The language of section 581a, subdivision (c), does not lend
itself to such construction. The word "defendant" appearing twice in sub-
division (c) is used in the singular to tie the right of dismissal to any de-
fendant who is served in an action naming multiple defendants and who
has not filed an answer, made a general appearance or stipulated to extend
the time and a judgment has not been entered against him within the three-
year period. "[D]efendant" obviously refers to a single defaulted defendant
whether or not the action involves other answering defendants. As in the
construction given to section 583, " 'a defendant . . . asking [for dis-
missal under section 583] is entitled to have his right to dismissal de-
termined as to himself alone.' (E.g., *Continental Pac. Lines* v. *Superior
Court* (1956) 142 Cal.App.2d 744, 752 [299 P.2d 417]; *Dowling* v.
*Superior Court* (1932) 122 Cal.App. 443, 445 [10 P.2d 197].) . . . Each
individual is entitled to have his section 583 claim evaluated with respect
to his own particular role in the litigation." (*Brunzell Constr. Co.* v.
*Wagner,* 2 Cal.3d 545, 555 [86 Cal.Rptr. 297, 468 P.2d 553] [in which
there were multiple defendants].) In *Dowling* v. *Superior Court,* 122 Cal.
App. 443 [10 P.2d 197], respondents argued that a different interpretation
is justified in a situation in which a single defendant demanded dismissal
of the action as to him because the action had not been brought to trial
within five years where other named defendants had answered within the

five-year period and one had stipulated in writing for an extension of the time of trial. "To our minds the language of the section is clear and does not support the argument presented by respondents. The word 'defendant' was manifestly used in the singular to tie the right of dismissal to each defendant filing his answer prior to the five-year period. . . . Thus the reasonable construction of the code section is that when any defendant has filed his answer and has not stipulated for an extension of the time of trial he is entitled to a dismissal of the action as to him if the cause is not brought to trial within five years after the filing of his answer." (Pp. 445-446.)

*AMF Pinspotters, Inc.* v. *Peek*, 6 Cal.App.3d 443 [86 Cal.Rptr. 46], relied on by respondents does not, as claimed by them, stand for the general proposition "that subdivision (c) does not apply when an answer is on file by one or more of several defendants." Moreover, factually and legally the case is distinguishable from the instant one. In *AMF Pinspotters, Inc.* two cases against Peek as an individual, a corporation and an alleged copartnership of Peek and defendant corporation, were consolidated for trial; Peek was personally served individually and as a partner with defendant corporation but failed to appear and his default was entered although no judgment was entered. The copartnership also failed to appear and its default was entered. Defendant corporation filed an answer and cross-complaint; when the cause came on for trial Peek moved to dismiss as to him pursuant to section 581a on the ground that more than three years had elapsed since service upon him and no default judgment had been entered. After denial of the motion a trial was had and judgment was entered for plaintiff. Affirming the judgment the court said that section 579 granting the court discretion in rendering judgment against one or more of several defendants was there applicable rather than section 581a. However, noting that plaintiff entered a default of the alleged copartnership and sought a judgment against it and Peek on a partnership liability, and that the trial court determined at trial that the alleged partnership did not exist, the reviewing court reasoned that had a default judgment been entered against Peek as a member of the alleged copartnership, it would have been in direct conflict with such determination. We do not have such a situation here for the entry of a default judgment against defendant city under the circumstances could not have been in conflict with any subsequent judgment rendered against any answering defendant. Such a distinction is noted in *Watson* v. *Superior Court*, 24 Cal.App.3d 53 [100 Cal.Rptr. 684], although the court therein did not decide the case thereon.

In *Watson* defendant doctor moved to dismiss a malpractice action as

to him under section 581a for plaintiffs' failure to serve him with summons within three years of commencement of the action. He had originally been sued as Doe III and plaintiffs asserted they had only discovered his true name three years and nine months later. The named defendants and other Does had been served and answered within three years. The trial court denied the motion to dismiss; the Court of Appeal issued a peremptory writ of mandate directing the trial court to vacate its order denying the motion and order a dismissal as to him. The court held that plaintiffs had failed to show the existence of a sufficient excuse for failure to make the service within the statutory period, or the basis for an estoppel. It was contended by plaintiffs that the general appearance of other defendants in the case deprived the doctor of his right of recourse to section 581a. Said the court at page 57: "Plaintiffs' first contention is rejected on the authority of *Peck* v. *Agnew,* 126 Cal. 607, 609 [59 P. 125]; *People* v. *Southern Pacific R. R. Co.,* 17 Cal.App.2d 257, 264 [61 P.2d 1184]; and *Converse* v. *Joslin,* 176 Cal.App.2d 638, 647-648 [1 Cal.Rptr. 777]. Whatever doubt as to the operation of the statute might exist in a case in which all defendants were indispensable or necessary parties does not arise in this case in which the defendants are sued as joint tortfeasors who are proper but not necessary parties and may be sued jointly or severally. (*Fisch & Co., Ltd.* v. *Superior Court,* 6 Cal.App.2d 21, 24 [43 P.2d 855]; *Miller* v. *McKinnon,* 20 Cal.2d 83, 99 [124 P.2d 34, 140 A.L.R. 570].)" While the court factually and legally distinguished *AMF Pinspotters, Inc.* v. *Peek,* its comment thereon reflects the distinction that is here significant. "Emphasizing the relationships existent among the parties defendant, the court reasoned that if the action were dismissed as to the individual defendant and a several judgment were entered against the remaining defendants, there would be a resultant conflict in judgments." (P. 57.)

Thus the court's concern in *AMF Pinspotters, Inc.,* restated in *Watson,* was the avoidance, in cases of joint and several liability, of a default judgment against one defendant which might conflict with a subsequent judgment as to the other defendant rendered after trial, or which might adversely affect the rights of the other defendant where a trial is pending as to him. In the case at bench no such conflict in judgments could result; and inasmuch as the action against the only answering defendants (County of Ventura and Ventura County Flood Control District) had been dismissed with prejudice prior to defendant city's motion to dismiss, their rights could not have been adversely affected by a dismissal as to defendant city. Of interest in this connection is the court's treatment of *Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662], in *AMF Pinspotters, Inc.* which found *Lynch* not to be in conflict with its interpretation of section 581a. In *Lynch* defendants Wright and Gray were served; Wright defaulted and

Gray answered; a default judgment was entered against Wright and plaintiff dismissed with prejudice as to Gray. Thereafter a motion to dismiss under section 581a was made by the representative of Wright's estate for plaintiff's failure to enter judgment against Wright within three years; the same was denied. The judgment against Wright was reversed because the clerk was without authority to enter judgment against him. The court in *AMF Pinspotters, Inc.* said at page 447: "The court did not decide the question we have as to the meaning of section 581a. If there is language in the opinion which vaguely gives a meaning to that section which would authorize the court to dismiss only when the person against whom judgment was sought had no answer on file it would seem clear that the court was regarding the case as a pure default case after plaintiff had dismissed as to Gray and removed him from the case. The opinion is not in conflict with our interpretation of section 581a." The factual situation is similar to that at bench.

We conclude under all of the circumstances here that the fact that other served defendants had answers on file during the three-year period did not deprive defendant city of its right to recourse to section 581a, subdivision (c). Plaintiffs' failure to sustain their burden of showing sufficient excuse for noncompliance with the requirement of the statute brings the case within the terms of section 581a, subdivision (c), and the court's duty to dismiss the action was mandatory (*Lynch* v. *Bencini,* 17 Cal.2d 521, 532 [110 P.2d 662]; *Moore* v. *Superior Court,* 8 Cal.App.3d 804, 810 [87 Cal.Rptr. 620]); the court had no power to act except to dismiss. (See *Flamer* v. *Superior Court,* 266 Cal.App.2d 907, 911 [72 Cal.Rptr. 561].)

The foregoing renders discussion of appellant's remaining contentions unnecessary.

The judgment is reversed with directions to the trial court to enter a judgment of dismissal of the complaint in favor of defendant city.

Wood, P. J., and Thompson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 27, 1974. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.