[Civ. No. 13319.   Second Dist., Div. Two.   Jan. 8, 1942.]

GROVER C. SWART, Appellant, v. BLANCHE ALTA SWART et al., Respondents.

Jerrell Babb for Appellant.

James C. Ingebretsen, Dillon & Dundas and Freston & Files for Respondents.

WOOD (W. J.), J.—Plaintiff commenced this action to quiet title in himself to 201 shares of the capital stock of the Charles Ellsworth Corporation. The two defendants are the daughter and son of plaintiff, and each of them claims to be the owner of an undivided one-third interest in the stock and that plaintiff is the owner of the other one-third. Plaintiff prosecutes this appeal from a judgment upholding the claims of defendants.

The shares of stock in question had been acquired by plaintiff's wife, Grace Swart, by gift from her father after her marriage and approximately five years prior to her death. During her last illness, when she was suffering from an incurable disease, Mrs. Swart was confined to her bed for more than a month under the care of physicians and nurses. Approximately two weeks before her death plaintiff induced Mrs. Swart to assign to him the certificates for the shares of stock involved in the litigation. Plaintiff gave no consideration for the assignments and at the time they were executed Mrs. Swart was under the influence of sedatives and opiates and was without the benefit of independent advice. Defendants

Blanche Alta Swart and Jack Warren Swart were both minors at the time of their mother's death.

After Mrs. Swart's death plaintiff was appointed guardian of the person and estate of each of the defendants. When Blanche Alta Swart attained her majority in February, 1938, plaintiff filed his first and final account as guardian of her estate. Objections to that account were filed by the ward, who contended that she was the owner of an undivided one-third interest in the shares of stock involved herein and that the guardian had failed to account for that interest. Proceedings were instituted for the removal of plaintiff as guardian of the estate of Jack Swart, who was still a minor, and on May 20, 1938, plaintiff was removed and the Bank of America National Trust and Savings Association was substituted as guardian. It was stipulated that the first current account which plaintiff had filed in connection with the removal proceedings should be treated as the final account. The substituted guardian filed objections to the account, also contending that its ward was the owner of an undivided one-third interest in the shares of stock which plaintiff claimed as his own. Plaintiff thereupon filed the present suit to quiet title to the stock against any claims of his children, and at approximately the same time Blanche Alta Swart, as administratrix of her mother's estate, filed an action against plaintiff in which she sought possession of the stock for purposes of administration. By stipulation all four actions were tried before one judge in consecutive order, it being agreed that evidence in any one case could be considered by the court in any of the other proceedings. Following the trial of these four matters appropriate orders and judgments were entered, all being adverse to plaintiff. By the orders settling the final accounts in the guardianship proceedings and the judgment in the present action it was adjudged that plaintiff and each of the defendants was the owner of an undivided one-third interest in the stock, subject to the right of the administratrix to its possession for purposes of administration and distribution. Grover Swart, plaintiff in the action under consideration, appealed from each of the four judgments. However, on August 29, 1939, the two appeals from the orders made in the guardianship matters were dismissed on motion duly made, on the ground that Mr. Swart had failed to perfect the appeals therein within the time allowed by law. On September 29, 1939, the remittiturs in those actions were sent

down to the trial court and the orders settling the final accounts of the guardian (plaintiff herein) have long since become final.

It is now urged by defendants that the present appeal should be dismissed, since the final orders in the guardianship proceedings have determined the ultimate issue as to the ownership of the stock in accordance with the judgment herein, and that the questions presented by this appeal have been rendered moot. An appellate court will not review questions which have become moot and are merely academic. (*Keefer* v. *Keefer*, 31 Cal. App. (2d) 335 [87 Pac. (2d) 856].) In the guardianship proceedings the superior court had personal jurisdiction over all of the parties who are involved in the present action. It also had jurisdiction to determine as between the guardian (plaintiff herein) and his wards (defendants herein) the question of the ownership of the shares of stock which the guardian claimed in his individual capacity. (*Guardianship of Vucinich*, 3 Cal. (2d) 235, 243 [44 Pac. (2d) 567].) By the orders settling the final accounts it was determined that the guardian and each of his wards was the owner of an undivided one-third interest in the shares of stock, subject to the right of the administratrix of the estate of Grace Swart to have possession of the stock for purposes of administration. The same determination was made by the judgment in the case under consideration. Upon the dismissal of the appeals in the guardianship matters the orders entered therein were in effect affirmed (Code Civ. Proc., sec. 955) and have become a final adjudication of the rights of all of the parties to the present action respecting their ownership of the shares of stock. A reversal in this action could in no way affect the conclusiveness of the determination in the guardianship matters. It is apparent that when the orders settling the final accounts of the guardian became final the questions involved on this appeal became moot.

Plaintiff argues that the orders are void because of the asserted failure of the court to make written findings of fact. Although no separate findings of fact were signed and filed, each of the orders in the guardianship proceedings recited: "That said Grover C. Swart failed to report or account to said ward for an undivided one-third interest in two hundred one (201) shares of the capital stock of Charles Ellsworth Corporation . . . received by said guardian and at all times dur-

ing the pendency of said guardianship proceedings held by said Grover C. Swart as constructive trustee for the use and benefit of the heirs at law of the estate of Grace Swart, deceased, subject to the right of the administratrix of said estate to possession thereof for purposes of administration and distribution; that the heirs at law of the estate of Grace Swart, deceased, are Jack Warren Swart . . . Blanche Alta Swart . . . and Grover C. Swart, and that each of said heirs is the owner of an undivided one-third interest in and to the shares of stock above described.'' These findings were upon the ultimate fact in issue and were sufficient. It was not necessary to file them separately. (*Estate of Janes,* 18 Cal. (2d) 512 [116 Pac. (2d) 438].)

For the foregoing reasons the appeal is dismissed.

Moore, P. J., and McComb, J., concurred.