[Civ. No. 13320.   Second Dist., Div. Two.   Jan. 8, 1942.]

BLANCHE ALTA SWART, as Administratrix, etc., Respondent, v. GROVER C. SWART, Appellant.

Jerrell Babb for Appellant.

James C. Ingebretsen, Dillon & Dundas and Freston & Files for Respondent.

WOOD (W. J.), J.—By this action Blanche Alta Swart, as administratrix of the estate of Grace Swart, deceased, sought to set aside the transfer made by Grace Swart during her lifetime to defendant Grover C. Swart of 201 shares of the capital stock of the Charles Ellsworth Corporation and to

require defendant to account for a Buick automobile transferred to him by Mrs. Swart. Defendant has appealed from a judgment by which plaintiff (in her individual capacity), defendant and Jack Swart were each held to be the owners of an undivided one-third interest in the stock and by which plaintiff was awarded the sum of $450, representing the value of the automobile, which had been sold by defendant prior to the commencement of this action.

The action was tried concurrently with the case of *Grover Swart* v. *Blanche Swart,* in which an appeal has been this day decided, *ante,* p. 44 [120 Pac. (2d) 940], and the other proceedings therein mentioned, and was decided upon the same evidence. Upon the authority of that decision we hold that any question concerning the correctness of the judgment herein, insofar as it purports to determine the issues concerning ownership and right to possession of the shares of stock in question, has become moot. We are called upon, however, to determine whether the trial court properly awarded plaintiff the sum of $450 as the value of the automobile.

At the time that the certificates for the shares of stock were transferred to defendant by Mrs. Swart he induced her to assign to him the ownership certificate for a Buick automobile. This transaction occurred about two weeks before her death and while Mrs. Swart was constantly under the influence of opiates and sedatives.

Defendant contends that the present action is barred by the statute of limitations because it was not commenced until more than four years after the alleged transfer of title to the automobile. The only persons who could have maintained an action to set aside the transfer of title to the automobile were defendant and his two children, they being the sole heirs of decedent. Obviously defendant would not, in fact could not, have maintained an action against himself for that purpose. The two children were the only persons who could have commenced this action and at the time the cause of action accrued both were minors. Plaintiff, who is the elder of the two children, attained her majority approximately eleven months before the filing of the present action and was appointed administratrix of her mother's estate only seven months prior thereto. The time during which the disability of minority exists is not a part of the time limited for the commencement of an action. (Code Civ. Proc., sec. 352.) No administrative proceedings had been commenced by Grover

Swart or any other person before the appointment of plaintiff as administratrix.

■ It is contended that the trial court's findings to the effect that defendant, by means of fraud and undue influence, induced decedent to transfer to him title to the automobile are not supported by the evidence. The findings in question were based upon conflicting evidence and therefore, under settled rules of law, will not be disturbed on appeal. There was substantial evidence that at the time of the transfer decedent was in great pain; that the sedatives and opiates administered to her so dulled her faculties that she was unable to understand the nature of the transaction; that defendant had made repeated attempts during decedent's last illness to obtain her signature on the ownership certificate; and that decedent received no consideration for the transfer. The evidence is clearly sufficient to support the questioned findings. The further contention that the finding that the Buick automobile was the separate property of Mrs. Swart is not supported by the evidence cannot be sustained. There was evidence from which the court would have been justified in inferring that the automobile was purchased with the separate funds of Mrs. Swart. ■ Moreover, the certificate of ownership ("pink slip") showed title to the automobile to be vested in Mrs. Swart alone. Under the presumption afforded by section 164 of the Civil Code, the court was warranted in concluding that the automobile was the separate property of the deceased wife. (*Altramano* v. *Swan,* *(Cal. App. (2d)) [119 Pac. (2d) 401].)

■ The court did not err in finding the value of the automobile to be $450 at the time it was transferred to defendant. Although there was no expert testimony as to the actual value of the car at that time, it was established that when it was originally purchased, approximately one and one-half years prior to the death of Mrs. Swart, the price paid was $775. Four years after it was purchased defendant sold the automobile for $225. The court was justified in fixing the value of the automobile at the time it was transferred to defendant at the sum of $450.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

---

*Reporter's note: In *Altramano* v. *Swan,* a hearing was granted by the Supreme Court on January 27, 1942.