[Civ. No. 27078.   Second Dist., Div. Four.   May 3, 1963.]

J. A. THOMPSON & SONS, INC., Petitioner, v. THE SUPE-
RIOR COURT OF LOS ANGELES COUNTY, Respond-
ent; YVONNE SEYMORE et al., Real Parties in Interest.

McBain & Morgan, James L. Roper and Elmer O. Dockin for Petitioner.

No appearance for Respondent.

James A. Hayes for Real Parties in Interest.

KINGSLEY, J.—The facts of this case are simple. However, the point of law involved is both unique and challenging. Petitioner is one of several defendants in a wrongful death action filed by the decedent's widow on August 17, 1959. The original complaint designated the widow as the only plaintiff; however, it alleged that she was proceeding individually and on behalf of her minor son "as his natural guardian." After a demurrer to the original complaint, filed by another defendant, was sustained, the widow, on February 19, 1962, filed an amended complaint. In this pleading the minor son, by the widow as guardian *ad litem,* was designated as an additional plaintiff. It alleged that the widow was appointed by the court as such guardian on February 8, 1962. No material change appears in the allegation setting forth the cause of action.

Petitioner at no time made any voluntary appearance and was first served with summons and the first amended complaint on August 31, 1962. Immediately thereafter, petitioner moved for a dismissal of the action as to it pursuant to section 581a of the Code of Civil Procedure, on the ground that service and return of summons were not made within three years from the date the action was first commenced. Petitioner's motion was granted as to the "cause of action" of the widow, but denied to the "cause of action" of the minor. The petitioner now seeks a writ of prohibition to prevent the trial court from proceeding with the cause of action of the minor.

Section 581a is mandatory, and is jurisdictional in that, when a meritorious motion is made the court has jurisdiction only to dismiss; and prohibition is a proper remedy to prevent the court from proceeding with the action. (*Rio Del Mar Country Club, Inc.* v. *Superior Court* (1948) 84 Cal.App.2d 214 [190 P.2d 295].)

Therefore, the only issue before this court on the facts presented is whether the mandatory three-year period for

service and return of summons is to be measured from the date of filing the original complaint or the date of the filing of the amended complaint.

Petitioner, in support of its contention that the time limitation in section 581a should be from the date of the original complaint, offers the following line of argument: Although the California wrongful death statute (Code Civ. Proc., § 377) does not expressly state that all heirs must be joined in the suit, it has been interpreted to that effect on the theory that it creates a joint, single and indivisible cause of action in all the heirs. (*Watkins* v. *Nutting* (1941) 17 Cal.2d 490 [110 P.2d 384].) It is joint in that all the heirs must be joined.[1] Since this action is considered as being joint, single and indivisible, a minor made a party plaintiff by an amended complaint, gets the benefit of the original date for commencing the action for purposes of the statute of limitations. (*Ruiz* v. *Santa Barbara Gas & Electric Co.* (1912) 164 Cal. 188 [128 P. 330].)[2] Therefore, argues petitioner, the date of the original complaint should control the three-year period for service and return of summons as to the minor.

*Taliaferro* v. *Riddle* (1959) 167 Cal.App.2d 567 [334 P.2d 950], is a case dealing with bringing in new parties defendant pursuant to section 389 of the Code of Civil Procedure, by means of an amended complaint. These new defendants moved to have the action dismissed as to them because service and return of summons had not been made within the time limitations of section 581a. The trial court granted the defendants' motion and dismissed the action as to them. The appellate court reversed. At pages 569 and 570 the court stated: "The provisions and purposes of section 389 of the Code of Civil Procedure, which sanctions and in some cases requires the bringing in of new parties, would frequently be completely thwarted *if the one-year and the three-year lim-*

---

[1]It has been held, however, that if the case goes to judgment with one heir only as a party plaintiff, the judgment will not be reversed. (*Salmon* v. *Rathjens* (1907) 152 Cal. 290 [92 P. 733]; *Knott* v. *McGilvray* (1899) 124 Cal. 128 [56 P. 789].)

[2]As a general rule, the statute of limitations is suspended during the minority of an infant. (*Swart* v. *Swart* (1942) 49 Cal.App.2d 48 [120 P.2d 942].) However, there is an exception to the above rule in cases of wrongful death. The cause of action for wrongful death, being treated as single and indivisible, it has been decided that if it vests in an adult capable of suing, the statute runs against the other minor heirs. (*Haro* v. *Southern Pacific R.R. Co.* (1936) 17 Cal.App.2d 594 [62 P.2d 441]; *Sears* v. *Majors* (1930) 104 Cal.App. 60 [285 P. 321].)

*itation periods of section 581a were to commence on the day of the filing of the original complaint when a new party is brought in.*

"It is already established that for the purpose of computing the running of a statute of limitations when a new party is brought into an action, the action commences as to him when an appropriate amended or supplemental complaint is filed. [Citations.] The same principle applies with equal logic to the computation of time 'after the commencement of . . . [the] action' under section 581a when a new party is brought in." (Italics added.)

■ Although the *Taliaferro* case, *supra* (167 Cal.App.2d 567) only concerns itself with the bringing in of new parties defendant, we believe that, in this case, the same rule should apply where a new party plaintiff is brought into the action by means of an amended complaint. We see little merit in petitioner's argument that, since the minor child got the benefit of the filing date of the original complaint, for purposes of the statute of limitations, the three-year limitation period for service and return of summons should also be "related back" to the date of the filing of the original complaint.

■ First, the statute of limitations would not have run against the minor if there was no adult capable of suing in his own right, although the child at all times may have had a general guardian. (*Aronson* v. *Bank of America* (1941) 42 Cal.App.2d 710 [109 P.2d 1001].) ■ Second, if this was anything other than a wrongful death action, the statute of limitations would have been tolled during the minority of the child. (Code Civ. Proc., § 352.) ■ Finally, the purpose of the statute of limitations is distinct and apart from that of the time limitations contained in 581a. The statute of limitations is concerned only with the timeliness of instituting an action, while section 581a is concerned with the speedy prosecution of an action after such action has already been commenced. To deny the minor child his rights upon the argument set forth by petitioner seems to us wholly unjust. The minor only became a party to the action on February 19, 1962, upon the filing of the amended complaint by his guardian *ad litem*. Until that time, his interests were neither represented nor protected.

The alternative writ is discharged and the petition for the writ of prohibition is denied.

Burke, P. J., and Jefferson, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 26, 1963.