[Civ. No. 50676. Second Dist., Div. Five. Aug. 18, 1977.]

FLOYD NEAL & ASSOCIATES, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
LEROY V. ROBY, SR., Real Party in Interest.

---

---

**COUNSEL**

Kinkle, Rodiger & Spriggs and John V. Hager for Petitioner.

No appearance for Respondent.

Charles A. Price for Real Party in Interest.

---

**OPINION**

**STEPHENS, J.**—Petitioner seeks a writ of mandate or prohibition to compel dismissal of real party in interest's complaint in intervention pursuant to section 581a of the Code of Civil Procedure, or to prohibit trial of real party's cause of action. Either mandamus or prohibition being a proper remedy to achieve the desired result (*Carter* v. *Superior Court,* 187 Cal.App.2d 1 [9 Cal.Rptr. 140]), and the petition presenting a novel question of law, we issued an alternative writ of mandate.

The facts are these: While acting in the course and scope of his employment, real party was injured in a vehicle accident on April 6, 1971. Real party filed for and received workers' compensation benefits as a result of the accident, but did not file a third party action (Lab. Code, § 3852) against petitioner prior to April 6, 1972, as he might have done. On April 5, 1972, Liberty Mutual Insurance Company filed a subrogation action against petitioner seeking recovery of the workers' compensation benefits it had paid to real party. (Lab. Code, § 3852.) Pursuant to Labor Code section 3853, Liberty Mutual gave to real party notice of the filing of its complaint sometime prior to May 18, 1972. Real party was then no longer represented by the attorney who had represented him in connection with his workers' compensation claim. His new counsel did not join in Liberty Mutual's action against petitioner, as provided for by Labor Code section 3853. Rather, he filed a legal malpractice action against real party's original attorney based on the latter's failure to file a third party action against petitioner within one year from the date of the accident. (Code Civ. Proc., § 340.)

Liberty Mutual served petitioner with summons and complaint on March 26, 1975. This was the first knowledge that petitioner had of the pendency of the action. Return of service was not made within three years.[1] Petitioner made no appearance in the action until after expiration of the three-year period. (Code Civ. Proc., § 581a.)

After real party's legal-malpractice suit was settled (apparently for $70,000), real party, pursuant to an order of respondent court, in December 1975, filed a complaint-in-intervention in Liberty Mutual's action. Petitioner was served with summons and complaint in intervention on January 5, 1976, and filed an answer to the complaint in intervention on March 9, 1976.

In February 1977 petitioner first learned that Liberty Mutual had failed to file the original summons and proof of service. Petitioner thereupon moved to dismiss both the complaint and the complaint in intervention. The motion was granted as to the complaint, but denied as to the complaint in intervention, respondent court citing *J. A. Thompson & Sons, Inc.* v. *Superior Court,* 215 Cal.App.2d 719 [30 Cal.Rptr. 471]. The instant proceeding followed that ruling.

In *J. A. Thompson, supra,* a wrongful death action was filed by the decedent's widow on August 17, 1959. An amended complaint was filed February 19, 1962, adding as a party plaintiff the decedent's minor son, by the widow as guardian ad litem. The defendant was not served until August 31, 1962, and immediately moved to dismiss pursuant to Code of Civil Procedure section 581a. The trial court granted the motion as to the widow, but denied it as to the minor. The defendant sought a writ of prohibition, which the Court of Appeal denied, holding that as to the minor the three-year period for service and return of summons commenced to run from the date of filing of the amended complaint naming him as a plaintiff.

This is not the issue in dispute in the present proceeding. Petitioner does not argue that the three-year period commenced as to real party at the time Liberty Mutual's complaint was filed. ▆▆▆ The crux of petitioner's argument is that the three-year period having run prior to the filing of the complaint in intervention, unlike the situation which existed in *J. A. Thompson, supra,* respondent lacked jurisdiction to permit it to

---

[1]There is no dispute that return within the three years is an essential element of Code of Civil Procedure section 581a. (*Ginns* v. *Shumate,* 65 Cal.App.3d 802, 805 [135 Cal.Rptr. 604].)

be filed. We must examine this contention in light of the language of the statute and the cases which have interpreted it.

Subdivision (a) of section 581a of the Code of Civil Procedure provides as follows: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced, shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

■ The language of the statute has been held to be mandatory and jurisdictional. (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118]; *Semole* v. *Sancoucie,* 28 Cal.App.3d 714 [104 Cal.Rptr. 897]; *Bernstein* v. *Superior Court,* 2 Cal.App.3d 700 [82 Cal.Rptr. 775]; *Dresser* v. *Superior Court,* 231 Cal.App.2d 68 [41 Cal.Rptr. 473].) "The statute is 'jurisdictional' in the sense that the court has no power to excuse the delay, nor can it refuse to act merely because the party fails to make a motion for dismissal. It has power to act only in a certain way, that is, by ordering a dismissal. [Citations.]" (*Gonsalves* v. *Bank of America, supra,* at p. 172.) Not only is the court's duty to dismiss independent of any request by the defendant, dismissal can be entered without notice to either party. (*Muller* v. *Coastside County Water Dist.,* 180 Cal.App.2d 712 [4 Cal.Rptr. 832].)

Real party asserts that until an order of dismissal was actually entered against Liberty Mutual, respondent retained sufficient control over the action to permit filing of the complaint in intervention. He relies on *Big Bear Mun. Water Dist.* v. *Superior Court,* 269 Cal.App.2d 919 [75 Cal.Rptr. 580], wherein it was held that the court had power to give effect to a written stipulation waiving the provisions of section 581a even though the stipulation was filed after the three years had elapsed. This is a far cry from the factual situation before us. It is one thing to say that the court may act after the three years have run to give effect to one of the express statutory exceptions contained in section 581a. It is quite another thing to say that the court may take actions unrelated to the statutory exceptions after the three-year period. ■ It should also be

noted that while a stipulation waiving the provisions of section 581a may be effective although filed after the three years have run, a general appearance by a defendant after the three years have elapsed neither waives the provisions of section 581a, nor confers power on the court to do anything other than dismiss the action. (*Busching* v. *Superior Court,* 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369]; *Watson* v. *Superior Court,* 24 Cal.App.3d 53 [100 Cal.Rptr. 684].)

The statute contains a directive to the court not merely that "No action ... shall be further prosecuted," but that "no further proceedings shall be had therein. . . ." ■ No express or implied exception to the statute existing in the present case, respondent had no jurisdiction to do anything but dismiss the cause of action in December 1975. It specifically lacked power to order the filing of the complaint in intervention, real party's cause of action being viable, if at all at that late date, only through intervention in Liberty Mutual's action by virtue of Labor Code section 3853.[2] Thus, while it is true that had the complaint in intervention been validly filed it would have become an independent action with a life of its own (*J. A. Thompson & Sons, Inc.* v. *Superior Court, supra,* 215 Cal.App.2d 719), the court lacking power to order it filed after the expiration of the three years, the clerk of the court could not breathe life into it merely by applying a file stamp to it.

The folly of any other rule is made obvious by the further proceedings below following the filing of the within petition. Liberty Mutual, having suffered a mandatory dismissal of its action under section 581a, was permitted to file its own complaint in intervention, pursuant to Labor Code section 3853, in real party's pending action against petitioner, thereby leap-frogging itself right back into the lawsuit. Respondent court has had its docket cluttered with one lawsuit which should have been dismissed on April 7, 1975,[3] and one which should never have been filed at all, while, if real party's position is sustained, Liberty Mutual would have until 1982 to proceed to trial on a dispute arising out of a vehicular accident which took place in 1971. Clearly, neither justice nor the judicial institutions of our government would be well served by a rule which allowed this to happen.

---

[2]While petitioner might conceivably have waived the one-year statute of limitations (Code Civ. Proc., § 340) governing an original cause of action under Labor Code section 3852, that was not the course of action chosen by real party.

[3]We judicially note that April 6, 1975, fell on a Sunday.

Let a peremptory writ of mandate issue directing respondent to vacate its order of March 1, 1977, denying petitioner's motion to dismiss real party's complaint in intervention in that matter entitled Liberty Mutual Insurance Company v. Floyd Neal & Associates, Inc., No. C26680, and to enter a new and different order granting said motion.[4]

Kaus, P. J., and Hastings, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 13, 1977.

---

[4]Respondent will undoubtedly wish to reexamine its order granting Liberty Mutual permission to file its complaint-in-intervention in the light of the views herein expressed, and take appropriate action with respect thereto upon its own motion or that of petitioner.