[No. H004460. Sixth Dist. Sept. 26, 1989.]

DRAKE TZOLOV, an Incompetent Person, etc., Plaintiff and Appellant, v.
INTERNATIONAL JET LEASING, INC., Defendant and Respondent.

## COUNSEL

Bertrand F. Ithurburn, Lyle E. Havens and Trezza, Ithurburn & Steidlmayer for Plaintiff and Appellant.

L. Christian Spieller, Sean W. Morrisroe and Gassett, Perry & Frank for Defendant and Respondent.

## OPINION

**FOGEL, J.** *—Drake Tzolov appeals from a judgment entered against him following the granting of respondent's motion to dismiss for failure to effect service of summons within three years of the filing of the complaint.[1] We conclude that the motion was properly granted and affirm.

### BACKGROUND

On January 27, 1983, appellant sustained a severe head injury when he fell from the bed of a truck owned and operated by respondent. The effects of appellant's injury rendered him incompetent to file an action on his own behalf. By and through his mother as guardian ad litem, appellant commenced the instant action on January 23, 1984.[2] The action then lay dormant for almost four years. Appellant filed an amended complaint alleging additional causes of action on December 24, 1987, following a substitution of counsel. Respondent was served with the summons and amended complaint on January 25, 1988, and shortly thereafter filed a motion to dismiss for failure to effect timely service of summons pursuant to Code of Civil

---

* Assigned by the Chairperson of the Judicial Council

[1] Respondent also moved to dismiss on the ground that appellant's suit was barred by res judicata because of appellant's dismissal with prejudice of a second action involving the same accident. Because our determination as to the service of summons issue is dispositive of this appeal, we do not reach this alternative basis for the trial court's ruling.

[2] The actual appointment of the guardian ad litem was effective as of January 26, 1984.

Procedure section 583.210.[3] The trial court granted the motion and entered judgment pursuant thereto.

## DISCUSSION

■ Appellant contends that because he was legally incompetent at the time he filed his complaint, the provisions of section 583.210 were tolled and that the trial court should have denied the motion to dismiss. Appellant relies on *J. A. Thompson & Sons, Inc.* v. *Superior Court* (1963) 215 Cal.App.2d 719 [30 Cal.Rptr. 471] (disapproved of on other grounds in *Cross* v. *Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353]), in which section 583.210 was held not to bar the action of a minor plaintiff who served summons with an amended complaint filed more than three years after the filing of the original complaint.

*Thompson, supra,* 215 Cal.App.2d 719, however, is distinguishable from the present case and actually supports the position of respondent. In *Thompson,* the minor plaintiff was not a party to the original complaint. Service of process on the only complaint to which he *was* a party—the amended complaint—occurred less than seven months after filing. Upholding the trial court's denial of defendant's motion to dismiss, the Court of Appeal stressed that it would be unjust to bar the minor's action for failure to effect timely service of summons when the minor was not even a party prior to the filing of the amended complaint. (*Id.* at p. 722.)

If we were concerned with a statute of limitations for *commencing* an action, clearly appellant's incompetency would result in tolling of the limitations period. (§ 352.) However, there is neither statutory nor case authority for the proposition that once an action is commenced, the time within which the action must be *served and prosecuted* is similarly tolled. As pointed out in *Thompson,* "the purpose of the statute of limitations is distinct and apart from that of the time limitations contained in [the predecessor to § 583.210]. The statute of limitations is concerned only with the timeliness of instituting an action, while [the predecessor section] is concerned with the speedy prosecution of an action after such action has already been commenced." (*Thompson, supra,* 215 Cal.App.2d at p. 722.) Indeed, section 583.250, subdivision (b) provides that dismissal for failure to serve within the three-year period is "mandatory and . . . not subject to extension, excuse, or exception except as expressly provided by statute." Appellant's argument that we should read the tolling provisions of section 352 into section 583.210 is therefore without merit.[4]

---

[3] All statutory references are to the Code of Civil Procedure.

[4] Appellant suggested for the first time at oral argument that a liberal application of section 352 would serve a stated legislative policy of assisting persons such as appellant who have

## DISPOSITION

Because it appears from the record that appellant failed to serve respondent with process within three years after the commencement of the action and no evidence establishing the existence of any recognized exception to the provisions of section 583.210 was presented,[5] the trial court properly granted respondent's motion to dismiss.

The judgment is affirmed.

Agliano, P. J., and Cottle, J., concurred.

A petition for a rehearing was denied October 17, 1989, and appellant's petition for review by the Supreme Court was denied December 20, 1989.

---

suffered traumatic and disabling head injuries. Apart from the fact that this point was neither presented to the trial court nor briefed here, appellant's position simply cannot be reconciled with the requirement of an express statutory exception set forth in section 583.250, subdivision (b). While we acknowledge the severity and catastrophic effects of appellant's injury, it is not our role to rewrite an unambiguous statute.

[5] Appellant argues that his incompetency made it "impossible, impracticable, or futile" for him to prosecute the action within the meaning of section 583.240, subdivision (d). However, the record contains no evidence in support of this argument other than the bare fact of appellant's incompetency. There is no indication that appellant, through his guardian ad litem, was in any practical sense prevented from serving respondents with process within three years. Appellant's reliance on section 583.240, subdivision (d) is thus indistinguishable from his assertion that incompetency itself, without more, creates an exception to the dismissal requirement of section 583.210.