[No. B054304. Second Dist., Div. Five. Feb. 7, 1992.]

ANTUN DAMJANOVIC et al., Plaintiffs and Appellants, v.
ROBERT C. AMBROSE et al., Defendants and Respondents.

**COUNSEL**

Thomas E. Beck for Plaintiffs and Appellants.

Collins, Collins, Muir & Traver, Norman F. Boxley and Robert A. Fairfield for Defendants and Respondents.

## OPINION

**GRIGNON, J.**—In this case, we are asked to decide whether Government Code section 945.3,[1] which tolls the statute of limitations for actions by a criminal defendant against peace officers and their employers arising out of conduct of the peace officers relating to the criminal offense with which defendant is charged, applies to extend the period of time for serving civilian defendants with summons. We conclude that section 945.3 does not toll the period of time for service of summons, and is inapplicable to causes of action against civilian defendants and by plaintiffs other than the criminal defendant. We affirm the trial court's order of dismissal for failure to serve summons within three years of filing the complaint.

## FACTS[2]

At 9:30 a.m. on April 13, 1986, Antun Damjanovic, his wife, Milagros Damjanovic, and their six-year-old daughter, Klara Damjanovic (plaintiffs and appellants), visited the office of their tax preparer, defendant and respondent Robert Ambrose, which was located in the City of Cerritos. The Damjanovics intended to meet with Ambrose in order to have their tax returns prepared. Ambrose's secretary, defendant and respondent Martha England, informed the Damjanovics that Ambrose did not wish to prepare their returns and asked the Damjanovics to leave. The Damjanovics left, but returned a short time later to retrieve some paperwork they had previously left with Ambrose. A dispute arose and England, at Ambrose's instruction, called the sheriff.

The Damjanovics waited outside Ambrose's office for the arrival of the sheriff. Defendants Deputies Sheriff Robert Reugger and Stephen Dean[3] arrived shortly thereafter. An altercation arose between the adult Damjanovics and the deputies, resulting in the application of physical force to both Damjanovics. The entire incident was witnessed by their daughter, Klara.

On July 10, 1986, Antun Damjanovic was charged with resisting arrest and battery on a peace officer. Antun Damjanovic pled not guilty. The case was tried to a jury at the end of 1986 and resulted in a mistrial. The case was again tried to a jury in the summer of 1987 and again resulted in a mistrial. During this second trial, defendant and respondent James Clark falsely testified as a civilian witness for the prosecution that he had been present at the time of the incident. A third trial was commenced in October of 1988. The case was dismissed on motion of the prosecution on October 21, 1988.

---

[1]Further statutory references are to the Government Code unless otherwise indicated.

[2]The facts are generally those which were alleged in the first amended complaint.

[3]Reugger and Dean are not parties to this appeal.

## PROCEDURAL BACKGROUND

The complaint was filed in superior court on March 9, 1987 against Ambrose, England, Reugger, Dean, Sheriff Sherman Block and the County of Los Angeles.[4] Clark was named as a Doe defendant on January 21, 1990.[5] The complaint alleged causes of action for civil rights violations, false arrest, assault and battery, negligence, conspiracy, intentional infliction of emotional distress, and negligent employment. Ambrose was served with process on March 17, 1990, Clark was served on March 18, 1990, and England was served on March 21, 1990. On August 21, 1990, defendants filed a notice of motion to dismiss for failure to serve summons and complaint within three years. On October 10, 1990, the court dismissed the action as to Ambrose, England, and Clark and denied the motion as to the other defendants. Plaintiffs appealed.

## DISCUSSION

■ On appeal, plaintiffs contend the trial court erred in dismissing their case as to the civilian defendants on the ground that plaintiffs failed to timely serve the summons and complaint within three years from the commencement of their action as required by Code of Civil Procedure section 583.210. Plaintiffs concede service was made more than three years after the complaint was filed, but contend that the three-year period for service of process stated in section 583.210 of the Code of Civil Procedure was tolled pursuant to section 945.3 and Code of Civil Procedure section 583.240, from the date the criminal complaint was filed to the date of its dismissal 771 days later. Accordingly, they argue service was timely.

Section 945.3 provides that "[n]o person charged by indictment, information or complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged . . . . [¶] Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a justice, municipal, or superior court. [¶] Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to section 911.2."

■ Section 945.3 was enacted in 1981, to prevent a criminal defendant from suing a peace officer, or his or her employer, for conduct of the peace

---

[4]Neither Sheriff Sherman Block nor the County of Los Angeles is a party to this appeal.

[5]The Damjanovics also filed federal court actions against defendants arising out of the same incident.

officer relating to the criminal offense while charges were pending against the criminal defendant. "The purpose of the statute was ' "to eliminate the use of civil damage complaints as plea bargaining levers' " and possibly 'to prevent use of civil false arrest suits as a device to inquire into prosecutorial materials and investigative information while the criminal charge is pending.' [Citation.]" (*McMartin* v. *County of Los Angeles* (1988) 202 Cal.App.3d 848, 855 [249 Cal.Rptr. 53].)

Code of Civil Procedure section 583.210, subdivision (a) provides that "[t]he summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed."[6] Failure to adhere to the time constraints of section 583.210 of the Code of Civil Procedure will result in an action's dismissal, unless a plaintiff qualifies for an extension pursuant to Code of Civil Procedure section 583.240.

Code of Civil Procedure section 583.240 reads: "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(b) The prosecution of the action or proceedings in the action was stayed and the stay affected service.

". . . . . . . . . . . . . . . . . . . . . . . .

"(d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control . . . ."

*Does Section 945.3 Extend the Time for Service of Process?*

 Plaintiffs allege that "prosecuting the action" within the meaning of section 945.3, necessarily includes service of process on the defendants during the tolling period. Plaintiffs further contend that the operation of section 945.3 is a statutory stay within the meaning of subdivision (b) of Code Civil Procedure section 583.240. Finally, plaintiffs contend that the operation of section 945.3 makes service of summons "impracticable or

---

[6]This rule also applies to defendants served as Doe defendants. (Code Civ. Proc., § 583.210; *Lesko* v. *Superior Court* (1982) 127 Cal.App.3d 476 [179 Cal.Rptr. 595].)

futile" within the meaning of subdivision (d) of Code Civil Procedure section 583.240.

■ "[T]he purpose of the statute of limitations is distinct and apart from that of the time limitations contained in [Code of Civil Procedure section 583.210]. The statute of limitations is concerned only with the timeliness of instituting an action, while section [583.210 of the Code of Civil Procedure] is concerned with the speedy prosecution of an action after such action has already been commenced." (*J. A. Thompson & Sons, Inc.* v. *Superior Court* (1963) 215 Cal.App.2d 719, 722 [30 Cal.Rptr. 471].)

In *Tzolov* v. *International Jet Leasing, Inc.* (1989) 214 Cal.App.3d 325 [262 Cal.Rptr. 606], plaintiff, who was legally incompetent, filed an action by and through his guardian ad litem. After the filing of the original complaint, plaintiff failed to serve process on defendant within the allotted three years. The Sixth District held that although plaintiff's incompetency tolled the statute of limitations for commencing the lawsuit, once the lawsuit was filed, plaintiff's incompetency did not extend the time for service of process. The court stated: "If we were concerned with a statute of limitations for *commencing* an action, clearly appellant's incompetency would result in tolling of the limitations period. ([Code Civ. Proc.,] § 352.) However, there is neither statutory nor case authority for the proposition that once an action is commenced, the time within which the action must be *served and prosecuted* is similarly tolled." (*Tzolov, supra,* 214 Cal.App.3d at p. 327, italics in original.)

■ Section 945.3 prohibits the *commencement* of a civil action against peace officers, or their employers, while a related criminal action is pending against the plaintiff and tolls the statute of limitations for filing and prosecuting these actions. The purpose of the statute is to prevent criminal defendants from using civil lawsuits to gain leverage in criminal plea bargaining. Once the action has been filed, however, the rationale for the tolling provisions of section 945.3 is no longer applicable. In the normal course of events, no case will actually be filed until the criminal charges are resolved as dictated by the statute. Thus, there would logically be no further tolling of service of summons.

Plaintiffs' further contention that section 945.3 operates as a statutory stay of the proceedings within the meaning of Code of Civil Procedure section 583.240, subdivision (b) is equally unpersuasive. Once again, the action may not be commenced under section 945.3. If an action is appropriately commenced after the criminal matter is concluded, there will, of course, be no further stay.

Plaintiffs argue that if the cause of action involves both peace officer and civilian defendants, the precommencement stay of the peace officer action

makes it impracticable to prosecute the action against the civilian defendants and, thus, the time for service of process on the civilian defendants should be extended. We note that this rationale is not particularly persuasive under the facts of this case, where plaintiffs in fact commenced a lawsuit against both the peace officer and civilian defendants. In any event, this contention is not supported by the law.

■ The purpose of Code of Civil Procedure section 583.210 is to give a defendant timely notice of the action so that the defendant can take adequate steps to preserve evidence. (17 Cal. Law Revision Com. Rep. (1984) pp. 905, 933.) "The excuse of impossibility, impracticability, or futility should be strictly construed" to foster this purpose. (*Ibid.*) In contrast, the excuse should be liberally construed in connection with the time limits for bringing a case to trial. (*Ibid.*) The difference in the construction of the excuse in the two situations rests on the recognition that ordinarily a plaintiff exercising due diligence is in control of the time of service of summons, while a plaintiff is not ordinarily in control of bringing a case to trial. (*Ibid.*)

■ In this case, plaintiffs have made absolutely no showing that it would have been impracticable to serve the civilian defendants within the three-year period. All of their arguments go to the alleged waste of judicial resources if they were required to try the case involving the civilian defendants separately from the case involving the peace officers. That is not the issue here. Plaintiffs were required to serve the civilian defendants. They would suffer the same expense in serving the civilian defendants within the three-year period as they would if they served them after the criminal proceedings were concluded. No waste of time, effort, or money is involved.

Moreover, the civilian defendants require service so that they can take adequate steps to preserve evidence. The tolling requested by plaintiffs would work a distinct disadvantage to the civilian defendants. We conclude that plaintiffs have not established that service of the civilian defendants was impracticable or futile.

### Is Section 945.3 Applicable to Civilian Defendants?

Even if arguendo, the tolling provisions of section 945.3 were applicable to time computations of Code of Civil Procedure section 583.240, it would be irrelevant here because by its terms, section 945.3 does not apply to civilian defendants. The language of section 945.3 clearly states that "[n]o person . . . may bring a civil action . . . against a *peace officer* or the *public entity employing a peace officer* . . . ." (Italics added.)

Furthermore, the purpose of the statute as described in the legislative history is "to eliminate the use of civil damage complaints as plea bargain

levers" in criminal prosecutions. Obviously, this leads to the inescapable conclusion that the Legislature had in mind only governmental entities as defendants when it drafted section 945.3, because civilian defendants could not be a party in a criminal prosecution nor would they take part in any plea bargaining.

*Is Section 945.3 Applicable to Plaintiffs Other Than Criminal Defendants?*

■ The language of section 945.3 clearly states that, "[n]o *person charged* . . . may bring a civil action for money or damages . . . while the charges against the accused are pending before a justice, municipal or superior court." In the instant case, charges were brought solely against Antun Damjanovic. Though his wife and daughter were present at the incident in question, they were not arrested at the scene nor were charges subsequently brought against them. Thus, Milagros Damjanovic and her daughter, Klara Damjanovic, are precluded from any possible protection under section 945.3, because this section only applies to the accused in this case, Antun Damjanovic.

### Sanctions

Respondents contend that sanctions should be imposed for a frivolous appeal. We find, in light of the absence of case law on the subject, that the appeal is not wholly without merit, and therefore, we decline to impose sanctions.

### DISPOSITION

The judgment of dismissal is affirmed. Appellants shall bear the costs on appeal.

Turner, P. J., and Boren, J., concurred.